THE NUTMEG PARK DRIVING CORPORATION *vs.* LOUIS A. FISK.

Third Judicial District, Bridgeport, October Term, 1908.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

A lease for two years gave the lessee an "option at the expiration of this lease of renewing the same upon the same terms for a period of three years, provided he gives the lessor written notice of his intention to avail himself of said option six months before said lease expires." At the end of eighteen months the tenant notified the lessor that he should continue to lease the premises as per agreement, to which the lessor assented. *Held* that the lessee's right of election was thereby fully exercised and the rights and obligations of the parties settled and determined, even if it were to be assumed, as contended by the lessee, that the terms of the original lease did not *compel* him to exercise his option before the end of the two-year period.

Argued November 12th—decided December 18th, 1908.

ACTION for the specific performance of a contract to renew a lease of the premises of the plaintiff, and for damages, brought to and tried by the Superior Court in Fairfield County, *Robinson, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

The plaintiff leased to the defendant certain premises known as Nutmeg Driving Park, for the term of two years from the first day of December, 1904, at the annual rental of $1,200, payable semi-annually in advance. The lease, which was in writing, contained the following provision: "It is further mutually agreed that the lessee shall have the option at the expiration of this lease of renewing the same upon the same terms for a period of three years, provided he gives the lessor written notice of his intention to avail himself of said option six months before said lease expires. Should said lessee avail himself of said option, then at the expiration of said period of three years said lessee shall have the privilege of a further lease for the period of

five years at the annual rental of fifteen hundred ($1500) dollars, payable in semi-annual payments in advance, provided he gives the lessor the same notice as is above provided for the first renewal."

The defendant entered into possession, occupied during the two years, and paid the stipulated rent therefor. On June 1st, 1906, and six months before the expiration of the two-year term of the lease, the defendant sent the plaintiff's agent in charge of the rental of the premises a telegram containing the words, "Will continue lease on Nutmeg Park," and at the same time a letter addressed to said agent, as follows: "Shall continue to lease Nutmeg Park as per agreement." On June 5th the agent wrote to the defendant in reply: "We are in receipt of your favor dated June 2d, notifying us that you avail yourself of the option given in the lease of the 'Nutmeg Park' property, as per the terms of said lease. We hereby accept the same."

The defendant has failed to execute a lease for any period subsequent to December 1st, 1906, although a draft of one for the term of three years thereafter, conformable in its provisions to the original lease, was tendered him for execution in July, 1906, and since the sending of said telegram and letter he has not, down to the time the action was commenced, February 18th, 1907, communicated with either the plaintiff or its agent with reference thereto.

The possession of the premises has not been surrendered to the plaintiff. The rent of the premises for the original term has been paid. No rent has been paid for any subsequent period. Between June 1st, 1906, and December 1st, 1906, the plaintiff had offers to lease the premises, and to dispose of them, which were refused in reliance upon the terms of the original lease and the defendant's two communications of June 1st, 1906.

*Frank J. Kinney,* for the appellant (defendant).

*William B. Boardman,* for the appellee (plaintiff).

PRENTICE, J.   The defendant contends that the court erred, in holding that under the terms of the lease of June, 1904, he, as the lessee, could avail himself of the option of renewal before its expiration, December 1st, 1906; in holding that he could be held responsible for the additional period of three years without his having done two things, to wit: first, given, on June 1st, 1906, written notice of his intention to avail himself of the option given him, and second, availed himself, on December 1st, 1906, of the option; and in holding that he could be held liable for the additional period of three years, in case he did no more than give written notice of his intention to avail himself of the option.

The defendant's conception of the construction to be given to the original lease is, that the act by which its renewal could be accomplished was one which could be performed only after its termination, that the exercise of this right of renewal was conditioned upon the performance, six months earlier, of an act indicative of an intention to renew when the lease expired, that this first act could have no effect beyond the preservation of the right of renewal, that both acts were requisite to effect a renewal, and that neither could be anticipated in point of time.   It is unnecessary to consider all these propositions.   It might, for instance, be assumed that the terms of the original lease placed it in the power of the defendant to postpone the time for the exercise of his election until the expiration of the first lease, by his giving of a six months' notice of intention, and even that it gave him no right to effect a renewal until that time, and yet the defense must fail, since, even upon this theory, there would be no justification for the claims that an election could not be made before the expiration of the lease with the plaintiff's acquiescence, and that the provision for the giving of notice of intention had other importance than as a means of keeping alive the right of election until it should be exercised.   The option which the lease gave to the defendant was in the nature of an offer on the plaintiff's

part of a new lease upon the terms stated. *Willard* v. *Tayloe,* 8 Wall. (U. S.) 557, 564; *Boston & Maine Railroad* v. *Bartlett,* 3 Cush. (Mass.) 224, 227. When accepted as provided, the rights and obligations of the parties would become fixed. *Brown* v. *Slee,* 103 U. S. 828, 837; *Boston & Maine Railroad* v. *Bartlett,* 3 Cush. (Mass.) 224, 227; *Guyer* v. *Warren,* 175 Ill. 328, 335, 51 N. E. 580. The defendant's letter and telegram of June 1st, 1906, contained, in unequivocal language, an acceptance of the offer which the lease embodied, and the reply confirmed them as having that effect. The defendant's right of election was thereby fully exercised and the rights and liabilities of the parties fixed.

No other questions are presented by the appeal.

There is no error.

In this opinion the other judges concurred.