WILLIAM P. THOMAS, ADMINISTRATOR, ET ALS. *vs.* JOHN H. YOUNG.

Third Judicial District, New Haven, January Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

In an action to recover the possession of land formerly owned by a decedent whose estate is still in settlement, the original complaint, alleging ownership in the widow and heirs at law and the right of possession in the administrator, was allowed to be replaced by a substitute which differed from the original only in that it alleged that at the time of the asserted dispossession the right of possession was, and still continued to be, in the widow and heirs at law, and dropped the administrator as a party plaintiff. *Held* that in permitting this amendment in the exercise of its discretion, the trial court had acted well within the limits of its rights as defined by our liberal and generous statutory provisions relating to that subject.

A lease of the land in question, by the plaintiffs to the defendant, acts as an estoppel upon the latter and prevents him from disputing the title of the lessors; and its operation does not cease with the termination of the lease.

The allegation of the date on which the plaintiffs were dispossessed of the premises is not a material one.

A tenant must in fact surrender his possession before he can question the landlord's title; and this rule is as applicable to a lessee already in possession as to one who is admitted to possession for the first time. A written notice that the tenant "surrenders possession", if he does not do so in fact, is of no avail.

A written disclaimer of possession under a lease does not enable the lessee to assert a title adverse to the lessor, until the time has expired within which a title by adverse possession may thereafter be gained by the lessee.

Evidence by a lessee that the person from whom the lessors claimed to have received their title, never had any, never occupied the premises, and never claimed to own them, is not admissible, since it is in derogation of the estoppel created by the lease.

A tenant who is induced by the fraud or false representations of the lessor to accept a lease is not estopped from denying the title of the latter; but the fact that an earlier lease—even though it contained an option of renewal—was obtained by these means, is immaterial.

The rule that a party is entitled to all the conversation that occurred

during a given interview is applicable only to what was said in respect to relevant subjects.

Argued January 28th—decided March 3d, 1909.

ACTION in the nature of ejectment, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Wolfe, J.;* verdict and judgment for the plaintiffs, and appeal by the defendant. *No error.*

This case was formerly before this court. 79 Conn. 493, 65 Atl. 955. The facts out of which it arises are sufficiently stated there. After it had, as the result of the decision then rendered, been returned to the trial court, leave was asked, and, against the objection of the defendant, granted, for the plaintiff Thomas, administrator, to withdraw, and for the remaining plaintiffs to file a substitute complaint alleging that the ownership of the premises and the right of possession thereof was in them, and that they had been dispossessed by the defendant. Upon the trial the plaintiffs supported their allegation of title by the introduction of the lease of March 1st, 1901, and presented no other testimony upon that point.

*William B. Stoddard* and *George E. Hall,* for the appellant (defendant).

*Edward A. Harriman,* for the appellees (plaintiffs).

PRENTICE, J. The defendant complains of the action of the court in permitting the substitute complaint to be filed. The contention is that the plaintiffs were thus allowed to substitute for the original cause of action another and different one, and one which could not have been joined with the original. The original plaintiffs were the heirs at law of George T. Smith, deceased, his widow and his administrator. They were seeking to obtain possession of certain real estate, which, as they claim, Smith owned at his death, and then passed to them as his personal repre-

sentatives. They asserted no right which did not thus come to them. In their attempt to enforce that right they alleged ownership in the widow and heirs, and, the estate being still in settlement, as was averred, the right of possession in the administrator. The present plaintiffs are the same persons, save that the administrator has disappeared. They are seeking to enforce, as to the same land, the same right of possession, derived in the same way, by virtue of the title cast upon them by the death of Smith. The substituted complaint differs from the original only in that it proceeds upon the theory that the right of possession was, at the time of the claimed dispossession, and is, in the widow and heirs at law, the present plaintiffs, and not in the administrator, and so alleges. The opinion in *Dunnett* v. *Thornton*, 73 Conn. 1, 46 Atl. 158, contains an exhaustive review of the history of our law upon the subject of the amendment of declarations and complaints, both before and after statutory regulation was attempted, and calls attention to the generous policy which has always marked it. It also recites at length the course of statutory regulation, and calls attention to the liberal and untechnical spirit in which it has been construed and applied. The present statute (Rev. 1902, § 639) is considered, both of itself and in its relation to the spirit and provisions of the Practice Act, and the principles which should govern its application stated. It is unnecessary to repeat what was there said. It is sufficient to observe that the court, in exercising its discretion in permitting the present amendment, was well within its rights as there defined.

There was no error in admitting in evidence the lease of March 1st, 1901. It was not offered or received as establishing title in the plaintiffs, but as creating an estoppel, which would be equally as effective as against the defendant. *Camp* v. *Camp*, 5 Conn. 291, 300; *Magill* v. *Hinsdale*, 6 id. 464, 469; *Thomas* v. *Young*, 79 id. 493, 497, 65 Atl. 955. The operation of this estoppel did not cease with the

Thomas *v.* Young.

termination of the lease. *Camp* v. *Camp*, 5 Conn. 291, 301; Bigelow on Estoppel (2d Ed.) 348. One reason assigned by the defendant's counsel for the exclusion of the lease was, that the complaint alleged that on April 1st, 1904, a date subsequent to that of the termination of the lease, the plaintiffs possessed the premises, and were on that day dispossessed by the defendant. This claim attaches too much importance to the allegation of time, which is an immaterial one. *Bulkley* v. *Norwich & W. Ry. Co.*, 81 Conn. 284 286, 70 Atl. 1021.

The defendant offered in evidence a written notice signed by him and addressed to the plaintiffs, bearing date April 20th, 1907, and claimed to have been served upon each of the plaintiffs by copy on April 26th, 1907. This paper purported to notify the plaintiffs that the defendant surrendered to them "all right, title or possession that he ever received, if any, to the premises" in question. It also notified the plaintiffs that the defendant disclaimed ever having entered into the possession of the premises under the lease of March, 1904, or a prior one, that he disclaimed and denied that he ever by virtue of said pretended leases or either of them, occupied the premises, that he now disclaimed any and all right to the possession or occupancy of them by virtue of said instruments, and that he solemnly renounced and disclaimed any tenancy under them. The purpose of this notice was to relieve the defendant from the operation of the estoppel created by the leases, and put him in a position to question the plaintiffs' title. It was ineffective to that end. Counsel have called it a surrender. But there was no surrender of possession, and it was incumbent upon the defendant to surrender that before he could call in question the plaintiffs' title. *Camp* v. *Camp*, 5 Conn. 291, 301; Bigelow on Estoppel (2d Ed.) 371; Tiedeman on Real Property (3d Ed.) § 157; 2 Taylor on Landlord & Tenant (9th Ed.) § 705, note. This principle is as applicable where the lease is given to one already in possession as where the

lessee is one who is admitted to possession. Washb. on Rl. Prop. (6th Ed.) § 756; *Camp* v. *Camp,* 13 Amer. Dec. 60, 71, note. At the very time when the defendant was engaged in making the pretended surrender he was clinging fast to the possession, and has done so ever since. Nothing was further from his thoughts than letting the plaintiffs into possession. On the contrary, he was devising means to retain it himself, and the giving of the notice was one of those means.

If the notice be regarded as a disclaimer, the defendant is placed in no better position. The cases which give the greatest efficacy to disclaimers hold that they do not afford the lessee the right of thereafter asserting a title adverse to the lessor until the statutory period for the perfection of title by adverse possession shall have expired. *Willison* v. *Watkins,* 3 Pet. (U. S.) 43; *Peyton* v. *Stith,* 5 id. 485, 491; Bigelow on Estoppel, (2d Ed.) § 373. See *Hanford* v. *Fitch,* 41 Conn. 486, 501. The notice was rightly excluded.

The defendant offered evidence to show that Smith, from whom the plaintiffs received their title, never had any, never occupied the premises, and never claimed to own them. This evidence was rightly excluded as being in derogation of the estoppel. Other evidence was presented for the purpose of showing that a prior three-year lease terminating March 1st, 1898, was procured from the defendant by these plaintiffs by means of false representations and deceit. It is an established principle that where the acceptance of a lease is induced by the fraud or false representations of the lessor, there is no estoppel. Washb. on Rl. Prop. (6th Ed.) § 756; Bigelow on Estoppel (2d Ed.) 364. The defendant offered no evidence that the lease of March, 1901, was not freely and voluntarily taken. That is the lease under which the present estoppel arises, and the facts which may have surrounded a prior transaction of a similar character are immaterial. They are none the less so, and the giving and acceptance of the last lease no less an independent trans-

action, for the reason that the former lease gave the lessee an option for a renewal. *Platt* v. *Cutler*, 75 Conn. 183, 186, 52 Atl. 819; *Nutmeg Park Driving Corporation* v. *Fisk*, 81 Conn. 463, 71 Atl. 499.

Other rulings upon the admission of testimony do not call for discussion, beyond the observation that all that two parties say at a single interview upon whatever subject is not rendered admissible for the simple reason that what is said upon some one or more subjects is testified to. 3 Wigm. on Ev. §§ 2115, 2119.

There is no error.

In this opinion the other judges concurred.