JENNIE WINESTINE ET AL. *vs.* THE ROSE CLOAK AND SUIT COMPANY ET ALS.

Third Judicial District, New Haven, June Term, 1919.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

A correction of the finding, which, if made, would not affect the judgment rendered, will be refused.

The motive with which an act is done may often be inferred from proof of facts and circumstances connected with the transaction.

In the present case it appeared that the plaintiffs were sublessees of the defendant corporation in a part of a building leased by it, and that if the corporation renewed its lease for five years, as it had the right to do, the plaintiffs would be entitled to a sublease of their portion of the building for the renewal period, if they so elected. The original lease was renewed, but in the name of the president

of the corporation instead of in the corporate name, and the plaintiffs elected to renew their sublease, which the corporation and its president refused to grant. The trial court found that the renewal of the principal lease in the individual name of the president of the corporation instead of in its own name, was for the fraudulent purpose of having it appear not to be a renewal, and so, if possible, to deprive the sublessees of the continuation of their lease; and that such renewal was, in effect, a renewal of the corporate lease and was so intended by the parties. *Held* that the evidence in the case warranted these conclusions of the trial court.

That rents have greatly increased within a few years is, *it seems,* a matter of which courts may take judicial notice.

The legal remedy must be complete and adequate, in order to preclude a litigant from resorting to a court of equity.

Argued June 4th—decided July 16th, 1919.

SUIT to secure the continuance of a sublease pursuant to an alleged agreement between the parties, for an injunction, and for other equitable relief, brought to and tried by the District Court of Waterbury, *Peasely, J.;* facts found and judgment rendered for the plaintiff Jennie Winestine, and appeal by the defendant Pauline Rosengarten. *No error.*

It is conceded that in September, 1915, the defendants Levys leased to the Rose Cloak and Suit Company two entire buildings, located on South Main Street in Waterbury, for a monthly rental of $300 payable in advance. The term of the lease extended to March 1st, 1918. This lease was renewable for the further term of five years, provided the lessee gave the lessors six months' notice of its desire to exercise the privilege of renewal. The lessee gave this notice and thereby became entitled to a renewal of the lease in case it desired such renewal.

In August, 1916, the Rose Cloak and Suit Company leased a portion of these premises to the plaintiff Jennie Winestine for $85 a month, the lease to expire on March 1st, 1918. This lease provides that "privilege is hereby given to continue this lease for a further period of five years under the same terms as herein mentioned,

in the event the said The Rose Cloak and Suit Company exercises its privilege of renewing its lease made with David E. and Herman H. Levy with reference to said premises."

It also appears that Pauline Rosengarten has commenced summary process proceedings to gain possession of the premises, which proceedings have not terminated in a judgment owing to the commencement of the present action and the issuance of an injunction in connection therewith.

The plaintiffs have alleged, as the trial court has found, that the defendant Rose Cloak and Suit Company did in fact exercise its privilege of renewing this lease with David E. and Herman H. Levy for the further term of five years from March 1st, 1918; that the name of Pauline Rosengarten as lessee, instead of the name of the Rose Cloak and Suit Company, was used in the renewal lease with David E. and Herman Levy, for the purpose of making it appear that it was not a renewal of the lease and, if possible, to deprive the plaintiff Jennie Winestine of the continuation of her lease for five years from March 1st, 1918; that this lease was made for and in behalf of the Rose Cloak and Suit Company, and was intended to be and was a renewal of its lease of the premises described therein, being the same premises described in the lease of the Levys to the Rose Cloak and Suit Company.

*William E. Thoms,* for the appellant (defendant Pauline Rosengarten).

*Charles G. Root,* for the appellees (plaintiffs).

RORABACK, J. The defendant Rosengarten claims that the court erred in finding as it did in respect to a large number of matters, and in failing to find as re-

quested as to other matters, and we are asked to correct the finding in those particulars. It is unnecessary to pursue these assignments of error, as it appears from the evidence that no correction of, or addition to, the finding, could properly be made which would affect the judgment that was rendered in the plaintiffs' behalf.

This case turns upon the question whether the evidence was sufficient to warrant the conclusion of the trial court as to the purpose and effect of the renewal of the lease originally made to the Rose Cloak and Suit Company by the defendants Levys.

The motive with which an act is done may be, and often is, ascertained and determined by inference from the proof of facts and circumstances connected with the transaction and the parties to it. *Sallies* v. *Johnson*, 85 Conn. 77, 81, 81 Atl. 974. So in this case, it appears that the new lease of the premises in question, made by the Levys to Pauline Rosengarten, is like the old one made to the Rose Cloak and Suit Company, except that the name Pauline Rosengarten is substituted in the place of the Rose Cloak and Suit Company; that Pauline Rosengarten was the president of the Suit Company; that she owned twenty-seven of the thirty shares of the capital stock of the Suit Company; that of the three remaining shares two were owned by members of Pauline Rosengarten's family; that the rent to be paid under the new lease was the same that was paid under the old lease made with the Suit Company; and that the management and control of the business of the Suit Company was not changed after the defendant Rosengarten claims that she obtained a lease in her own name from the Levys. The motive for the defendant Rosengarten's attempt to get rid of the plaintiff's privilege to renew, can be found in the fact that prices for rents had greatly increased during the

term of the Suit Company's original lease. Of this fact undoubtedly the trial court took judicial notice.

These facts, in the absence of any satisfactory explanation, which was not given, warranted the court below in reaching the conclusions just referred to. It heard the parties, had the benefit of their presence and appearance, and after considering all the circumstances reached the conclusion that the lease from the Levys to Pauline Rosengarten was not made in good faith. An examination of the record does not disclose that this conclusion is without sufficient evidence to support it.

The defendant Rosengarten now contends that the finding does not show that the Suit Company was entitled to renew its lease with the Levys. A complete answer to this proposition is to be found in the fact that it appears that the defendant Rosengarten in her brief concedes that the Suit Company gave the notice required by its lease with the Levys and "thereby became entitled to a renewal of the lease in case it desired such renewal."

As we have just stated, it appears that the defendant Rosengarten conceded that the Suit Company gave notice to the Levys of its intention to renew, and that it had the right to renewal if it wished to exercise that right. The trial court has found that such right was exercised by the Suit Company; that such renewal was made with the intention that it should be a renewal of the original lease of the Suit Company with the Levys. The fact that Pauline Rosengarten took the lease in her name did not relieve the Suit Company from its obligation to fulfil its contract with the plaintiff Jennie Winestine. The only way the Suit Company could avoid this obligation was by the abandonment of its right to renew. *Cunningham* v. *Pattee,* 99 Mass. 248, 253; *Nutmeg Park Driving Corporation* v. *Fisk,* 81 Conn. 463, 465, 466, 71 Atl. 499.

The record discloses that the only objection properly made by the defendant Rosengarten in the court below as to the relief claimed by the plaintiffs in their complaint, and the relief granted by the trial court in its judgment rendered, was that the defendant Rosengarten should not be enjoined from proceeding with her action of summary process,—for, if the lease from the corporation has been actually renewed, that is a good legal defense.

Undoubtedly it is the rule that when a party has a remedy at law, he cannot come into equity, unless from circumstances not within his control he could not avail himself of his legal remedy. Before refusing its aid upon this ground, however, it must appear to the court that the legal remedy is complete and adequate to afford the complainant full redress.

In this case the evidence shows, as the court has found, that the plaintiff Jennie Winestine, acting under the privilege given by her lease from the Suit Company, after taking possession of the premises, expended more than $1,000 in making permanent improvements of the store which she had leased. There is a class of cases holding that one having the right to declare a forfeiture, who does not declare it when he is entitled to do so, waives his right. This proposition rests upon the ground of estoppel. In such cases the lessee has usually made large expenditures or made valuable improvements believing that the right of forfeiture would not be asserted. *O'Connor* v. *Timmermann*, 85 Neb. 422–425, 123 N. W. 443, 24 L. R. A. (N. S.) 1062–1066.

This is such a case, and, further than this, it also appears that the plaintiff Jennie Winestine has faithfully kept and is faithfully keeping all the terms and conditions of the lease, and that she has taken the necessary steps to exercise her privilege of continuing

the lease for five years, as provided therein. Under these circumstances, it is apparent that the plaintiffs are entitled to an injunction to protect their rights. There is no error.

In this opinion the other judges concurred.