JOHN ALBERT McMAHON *vs.* THOMAS F. MALLOY, GUARDIAN.

Third Judicial District, New Haven, June Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, JS.

Argued June 6th—decided July 10th, 1929.

*Finton J. Phelan,* with whom, on the brief, was *A. A. Bablitz,* for the appellant (plaintiff).

*David M. Reilly,* with whom was *Philip Pond,* for the appellee (defendant).

PER CURIAM.   Reasons of appeal, errors three, four, and five, are based upon the failure of the court to correct the finding by the addition of certain findings in accordance with appellant's motion to correct which asks for each of these additions "for the reason that they claim the same is material, and that all the evidence on this matter justifies such finding."   The

statement of these reasons of appeal is at variance with the Rules of the Supreme Court of Errors, Remedy by Appeal, §§ 9 to 11 inclusive, together with the form for statement of errors in reasons of appeal. Practice Book, pp. 308, 309 and 313. Consideration of the reason given for the correction claimed would compel us, contrary to our proper function, to review the evidence to determine where the weight lies. *Dexter Yarn Co.* v. *American Fabrics Co.*, 102 Conn. 529, 129 Atl. 527; *Hayward* v. *Plant*, 98 Conn. 374, 383, 119 Atl. 341. None of the claimed facts were admitted or undisputed facts. Upon the evidence attached to appellant's motion we could not hold that the court could not reasonably have reached the conclusions it did. The addition claimed under reason five would not, if made, affect the result.

Reasons of appeal one, that the facts established by the evidence prove a fraudulent mortgage by the guardian, and two, that the guardian should be allowed no compensation against either estate for his services, are conclusions which must be drawn from the subordinate facts. These facts wholly fail to support the conclusions as claimed by the appellant, but do, logically and reasonably, support the conclusions reached by the trial court. These reasons are not framed in accordance with the Rules of Practice; they also assume to require us to review and weigh evidence, which we cannot do.

There is no error.