## WILLIAM BEEGAN, ET AL.
### vs.
## THE BRANFORD SHORE REALTY CO.

Superior Court      New Haven County      File #51358

Present:   Hon. PATRICK B. O'SULLIVAN, Judge.

FitzGerald, Foote & FitzGerald,  Attorneys for the Plaintiffs.

John Elliott;
Louis Zacher,                      Attorneys for the Defendant.

MEMORANDUM FILED DECEMBER 21, 1937.

O'SULLIVAN, J.  On March 1, 1868, The First Ecclesiastical Society of Branford leased to John Legatt for a term of ninety-nine years approximately two hundred acres of land located at Indian Neck in the Town of Branford.  Legatt assigned the lease to Samuel Beach who subsequently subleased for the unexpired term a portion of the demised premises to George Averill and Alvin Hull, which portion included a spit known as Clam Island Point extending out into Long Island Sound.  One of the conditions of this lease essential to

preserve its vitality was that Averill and Hull would pay all taxes which might be assessed against the land embraced within the leasehold.

Through a proper chain of mesne conveyances, V. W. Culver and M. S. Bottume became sublessees in 1924 of Clam Island Point. After first obtaining permission from the State of Connecticut, they constructed a sea wall of stone around its outer or westerly end, considerably beyond high-water mark. The area to the wall was then built up with fill so that the land thus reclaimed became available for use as lots. In its present condition, the spit ran westerly about three hundred feet into the Sound and was approximately one hundred ninety feet wide. Originally, a fourteen-foot right of way ran from the mainland to the extreme end of the Point. Its course was such that it divided the land into substantially equal northerly and southerly halves. After the reclamation, Culver and Bottume extended the right of way across the reclaimed land to the sea wall. They then filed a map in the Town Clerk's office indicating the way across the entire spit and outlining the lots which they proposed to dispose of. On September 19, 1930, they executed and delivered to one Dahill an instrument in the form of a quitclaim deed but in effect conveying a leasehold interest in two parcels of land at the extreme end of the Point. These parcels, each of which was partly carved from the reclaimed area, were separated by the right of way the use of which was granted to Dahill, his heirs and assigns, by the instrument creating his leasehold. Dahill built a substantial house on the northerly parcel and then, in 1935, sold his entire leasehold to the plaintiffs.

Clam Island lies about one-half mile out in the Sound. Various people have summer homes upon it. During the past year or two when they have had occasion to come ashore, they have landed at the west end of the spit and walked over the way which leads to a public highway on the mainland. The plaintiffs have objected to this and have placed chains and other obstructions across the way to prevent its use by the islanders. The latter claim the right to use the way by virtue of grants obtained from the defendant, The Branford Shore Realty Company.

Sometime prior to 1932, Averill failed to comply with the terms of his lease from Beach by neglecting or refusing to pay the taxes upon the demised lands. Thereupon the heirs of the latter terminated his lease. This action had the further

effect of voiding all leaseholds which derived their existence from the Beach lease to Averill and Hull. **Hamre vs. Etzel & Sons, Inc., 120 Conn. 129.** The owners of such leaseholds, for the purpose of self-protection, formed the defendant corporation and on April 1, 1932, the Beach heirs leased to it all the land which their ancestor had previously leased to Averill and Hull. On July 12, 1932, the defendant and Dahill executed a written lease of the same premises that Dahill had formerly leased from Culver and Bottume. The lease, expressly reciting that the leasehold interest previously enjoyed by Dahill had been terminated, was never recorded.

The foregoing facts are ample to dispose of the issues created by the complaint, the cross complaint, and the answers thereto. The relief sought by the plaintiffs is an injunction to compel the defendant to remove a stairway it had built at the water's edge of the right of way and to restrain its agents and all persons acting under it from the use of the way.

The weakness of the plaintiffs' position is that they are not the owners of the soil over which the way extends, nor have they ever received, by grant or otherwise, an exclusive right to use it. Their property abuts the way and that is all. A grant of a right to use a way does not convey the fee or any corporeal interest, save in the exceptional case of which the instant one is not an illustration. It necessarily follows that the owner of such an easement cannot prevent even a trespasser from using the way, if the latter does not interfere with the free exercise of the right of passage of the former. **Low vs. Streeter, 66 N.H. 36; Murphy Chair Co. vs. American Radiator Co., 172 Mich. 14.** Hence, judgment must enter for the defendant upon the complaint.

The relief sought in the cross complaint is an injunction enjoining the plaintiffs from obstructing the way with chains and other barriers and from interfering with the passage of those to whom the defendant has granted the right to pass over it.

The heirs of Samuel Beach had the power to terminate the leaseholds of all those deriving their interests through Averill and Hull whenever conditions of their ancestor's lease were dishonored. Such an occasion arose when the taxes remained unpaid by those who had agreed to pay them. The heirs terminated the original lease, the effect of which extended to Dahill by depriving him of his leasehold. By giving a new

lease to the defendant, the action of the Beach heirs amounted to a re-entry upon Clam Island Point and an eviction of all the tenants thereon. This eviction extended not only to the Point as originally formed but also to that area which had been reclaimed, because the right to the reclamation arose through the lease from Beach by implication of law. The conveyance which the heirs of Beach then gave to the defendant created for the latter a leasehold of the spit, as enlarged, and it could, in turn, sublease such portions as it desired. This it did in Dahill's case and thus through the defendant he acquired his title or interest. As the plaintiffs purchased their leasehold from Dahill, they are estopped from disputing its validity. Thomas vs. Young, 81 Conn. 702; Murphy vs. Schwaner, 84 Conn. 420.

The leasehold to the defendant included the portion of the spit devoted to the right of way. As it did not grant to Dahill an exclusive use of this way, it could extend its use to others as it has done in the case of the Clam Islanders.

As the plaintiffs have unlawfully interfered with this privilege, an injunction must issue on the cross complaint by which they are enjoined from obstructing the way or interfering with the passage of those to whom the defendant has granted the right to pass over it.

Let judgment enter in conformity with the foregoing.