MICHAEL DAMATO v. LILLIAN GILMAN

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 78583

Memorandum filed August 4, 1949

*Tammany & Ireland,* of South Norwalk, for the Plaintiff.

*Keogh & Candee,* of South Norwalk, for the Defendant.

ALCORN, J.  In this action, transferred from the Court of Common Pleas, the plaintiff, tenant under a written lease, seeks relief from a forfeiture for nonpayment of rent, an injunction restraining the defendant landlords from proceeding with summary process to dispossess him, or other equitable relief.  The plaintiff is presently in possession of the premises pursuant to a temporary injunction issued on application to a judge of the City Court of Norwalk to forestall threatened summary process.

The parties entered into a written lease for a period of five years from November 1, 1944, with a provision for renewal for a further period of five years and an option to purchase the realty and certain personalty upon stipulated terms.  The lease provided for the payment of rent in monthly instalments on the first day of each month during the term.  The complaint alleges, the answer admits, and the parties have tried the case upon the premise that a ten-day grace period is allowed for rent payments under the terms of the lease.  It is consequently unnecessary to consider whether the lease in fact so provides.

The plaintiff entered into possession under the lease and regularly paid his rent to March 1, 1948.  By the custom the parties uniformly followed, it was his habit to pay the rent on the 10th of the month, by certified check.  On March 8, 1948, the plaintiff made out his check for the rent due March 1 and on

the 10th of the month went to the bank to get it certified. He found the bank closed because of a proclamation issued by the governor declaring a day of public mourning.

The plaintiff thereupon, about 11 o'clock on the same morning, took the check, uncertified, to the home of the defendant Gilman, to whom he customarily paid the rent, and no one answered the door. He went back again about 1 p. m. with the proper amount in cash to pay the rent, taking with him another person to witness his payment, but again no one answered the door. The defendant Gilman was at home all that day except from about 1:50 to 3:30 p. m.

On several previous occasions the plaintiff had paid his rent after the 10th of the month and the defendants had accepted it. On March 11, 1948, the plaintiff had the check certified and took it to the defendants' house but acceptance was refused and on that day the plaintiff received from the defendants written notice of termination of the lease and notice to quit for non-payment of rent.

The plaintiff has always been ready and willing to pay this and all succeeding instalments of rent. On March 13 he offered to pay the rent in cash, together with interest and a $50 attorney's fee, making the offer to each of the defendants in succession and also to their attorney, but in each case was met with a refusal to accept. He has tendered payment by certified check for each month succeeding this claimed default and these have not been cashed by the defendants but are held pending the outcome of this action. The parties concede that no question of legal tender is involved.

The premises are a restaurant, the contents of which the plaintiff purchased from the defendants under a conditional sale contract for $16,000 on which, at the time of trial, he had made full payment. In addition he has spent over $6000 on the premises, and the leasehold interest involved is agreed to be worth in excess of $5000.

A bare recital of the facts clearly indicates the inequitable situation which would follow should the plaintiff be declared to have forfeited his lease by nonpayment of the March instalment of rent. Clearly, the plaintiff was following the custom as to payment which had been adopted by the parties and was only hindered in making the payment by reason, first, of the unexpected bank holiday and, secondly, of the failure of the de-

fendants to receive him to make the payment. The plaintiff's failure to make the rent payment on March 10 should be excused. *Burritt* v. *Lunny,* 90 Conn. 491; *Marshall* v. *Partyka,* 98 Conn. 778.

Judgment may enter that the plaintiff has not forfeited possession of the premises by nonpayment of the rent due March 1, 1948, and restraining the defendants, their servants, agents or representatives, from taking any action by summary process or otherwise to dispossess the plaintiff by reason of his failure to pay that instalment of rent.