ROBERT S. MACARTHUR *v.* JAMES E. CANNON

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 13-6506-2276

Argued November 21, 1966—decided January 27, 1967

*L. Paul Sullivan,* of Hartford, for the appellant (defendant).

*Michael Schless,* of Hartford, for the appellee (plaintiff).

KINMONTH, J.  This action was brought by one comaker of a note against the other comaker for contribution of one-half of the face value of the

note. The defendant in his answer admitted the note and set up by way of special defense that he received no part of the proceeds of the note and was an accommodation maker. The court found the issues for the plaintiff, and the defendant has appealed, assigning error in the court's refusal to correct the finding and in that the conclusions are not supported by the facts found.

The finding may be summarized as follows: On July 3, 1962, the plaintiff and the defendant made and delivered to Naumkeag Trust Company their note for $3000, payable ninety days from date. This note, discounted, yielded $2958.75, which sum was deposited to the account of Micro-Pat, Inc., with the knowledge of both parties, and was to pay corporate

debts, including a debt due the plaintiff in the amount of $2469.44. On July 3, 1962, the defendant was the president and owner of 51 percent of the stock of this corporation, and the plaintiff was the treasurer and owner of the remaining 49 percent of the stock. The note of July 3, 1962, was paid by renewal notes executed by both parties, the last being dated November 7, 1963. The plaintiff was compelled to, and did, pay the note. On two occasions, the defendant paid one-half the interest on the renewal notes but paid no other sums. The plaintiff made demand on the defendant to pay his proportionate share but the defendant stated he could not because of lack of funds. If Micro-Pat, Inc. had been successful, it would have paid the note. The plaintiff did not need the defendant's signature to get a loan. The defendant signed, however, since the funds were to be used to pay corporation indebtedness. At the time of signing the note, the defendant was well aware of his liability but felt he would not be called upon to pay. The court concluded that the defendant was a comaker and not an accommodation maker and was therefore liable to the plaintiff for his proportionate share.

The defendant submitted a draft finding of eighty paragraphs and assigns as error the court's refusal to find any and all of the material facts set forth therein. He also assigns error in certain paragraphs of the finding or parts thereof, as conclusions made without evidence, or contrary to all the evidence, or contrary to law. The court's conclusions are attacked on the same grounds. The defendant further assigns as error the court's refusal to find as facts or conclusions three paragraphs of the draft finding, claiming that they are fully supported by the evidence and are the proper conclusions presented by the evidence, as a matter of law. From this wholesale attack on the finding,

it is amply apparent that the defendant wants this court to adopt his theory of the case and to retry the case, which of course we cannot do. *Trenchard* v. *Trenchard,* 141 Conn. 627, 631.

The defendant has utterly failed to comply with our rules. Practice Book §§ 989, 990. For example, claiming the eighty paragraphs of the draft finding are material is at variance with the rules; *McMahon* v. *Malloy,* 109 Conn. 505, 506; as is the claim that the finding is contrary to the evidence, or that the court erred in refusing to find facts as supported by the evidence. *Hewitt* v. *Sanborn,* 103 Conn. 352, 365; *Prendergast* v. *Drew,* 103 Conn. 88, 90. As stated before, "[t]hese reasons contain an invitation to us (improper but not infrequent) to retry the case upon the whole evidence. We are not concerned with the sufficiency or weight of evidence produced: that is the function of the trial court. Unless a fact is found without any evidence, or found in language of doubtful meaning, the finding must stand. Treating the reasons, however, as claiming that the facts involved were found without evidence, we can find nothing to support this claim. Though extremely contradictory testimony exists in the case, we do not discover any finding by the trial court not sustained by the evidence legally applicable." *Pepe Co., Inc.* v. *Apuzzo,* 98 Conn. 807, 813; *Bent* v. *Torell,* 139 Conn. 744, 748. The acceptance or rejection of testimony is a matter for the trial court. *Nixon* v. *Gniazdowski,* 145 Conn. 46, 48. In the final analysis, the defendant is seeking to have the draft finding substituted for the salient details of the finding. This cannot be done where the evidence is conflicting and the finding as made has support in the evidence. *Zullo* v. *Zullo,* 142 Conn. 695, 699; *Winnick* v. *Parish,* 142 Conn. 468, 474. It became a question of credibility, and the court found against the defendant.

The conclusions of the court are legally drawn from the facts found. To interfere with the conclusions would be to substitute different findings of fact. This cannot be done where there is evidence upon which reasoning minds might disagree. *Katz* v. *Martin,* 143 Conn. 215, 217. It is apparent that the trial court did not accept as true some portions of the defendant's evidence. This was within the province of the court. On the other hand, there is evidence which reasonably and fairly supports the conclusion that the defendant was a comaker of the note. For this reason and also because much which the defendant desired to add to the finding was purely evidentiary matter, the court was justified in its denial of the motion to correct the finding. Moreover, even if those portions of the request which could properly be called relevant subsidiary facts had been added to the finding, it would not necessarily compel a different conclusion as to the ultimate fact—that the defendant was a comaker and not an accommodation maker. *Nocera* v. *LaMattina,* 109 Conn. 589, 591. There being evidence to support the finding, the conclusions are to be tested by the finding and not by the evidence. *Osuch* v. *Osuch,* 146 Conn. 90, 91.

The burden of establishing the defendant's special defense rested upon him. "An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it." General Statutes § 42a-3-415 (1). "The motive with which an act is done may be, and often is, ascertained and determined by inference from the proof of facts and circumstances connected with the transaction and the parties to it." *Winestine* v. *Rose Cloak & Suit Co.,* 93 Conn. 633, 636. In the absence of direct evidence, the trier is entitled to draw reasonable and logical inferences, and his conclusion must stand unless no reasonable person

could reach it. *Bruce* v. *McElhannon,* 141 Conn. 44, 47. From the facts found, we cannot say the court erred in finding the defendant to be a comaker. It is a familiar principle that when several parties are equally liable for a debt and one is compelled to pay the whole of it, he may have contribution from the others to obtain from them the payment of their respective shares. *Fidelity & Casualty Ins. Co.* v. *Sears, Roebuck & Co.,* 124 Conn. 227, 231; *Putnam* v. *Misochi,* 189 Mass. 421.

There is no error.

In this opinion Pruyn and Levine, Js., concurred.