MARY JANE RIEGLER *v.* N. W. RIEGLER Jr.

5-4536                                      426 S. W. 2d 789

Opinion delivered April 1, 1968
[Rehearing denied May 13, 1968.]

*H. B. Stubblefield,* for appellant.

*Howell, Price & Worsham,* for appellee.

PAUL WARD, Justice. In 1965 Mrs. Riegler (appellant) and her husband (appellee) signed a note payable

to the Worthen Bank & Trust Company, and on May 11, 1966 they were divorced. In December of that year the bank filed suit on the note and secured judgment for $4,887.30 against both parties. Neither party contested that judgment, but in the trial below appellant contended, and here contends, that appellee (as between themselves) is obligated to pay all of the judgment.

Appellant (by proper pleadings) contended that she was not obligated to pay any part of the judgment because: (a) she was only an "accommodation" signer on the note and received no benefits from the proceeds thereof, and; (b) her liability on the note was negated in a previous chancery proceeding. Appellee contended that Mrs. Riegler was a "co-signer" of the note, that she received part of the proceeds, and that the matter was not res judicata.

The above conflicting contentions were presented to the trial court (sitting as a jury by agreement), and the trial court found and adjudged:

One, the prior chancery proceeding "was not res judicata as to any issue here involved".

Two, appellant is not an "accommodation" signer of the note, and both parties are jointly liable to pay the judgment rendered against them.

For a reversal of the above findings and judgments of the trial court appellant relies on two points: *One,* her plea of res judicata "is supported by the undisputed evidence", and; *Two,* she was an accommodation maker and is not liable to appellee for any part of said note.

*One.* The record reveals: The parties were married in 1943; they owned a home by the entirety; they executed a note to the bank in 1965; this note has been renewed twenty-one times—the last renewal being on May 5, 1966 which is the note in question here; on May 8, 1965 the chancery court, in a suit between the parties,

ordered (among other things) that a "joint·account" in the bank in the amount of $4,000 be applied to the bank's note. It this proceeding in chancery nothing was said or decided about the joint liability of the parties on the note, and no appeal was perfected by either party. The parties were divorced on May 11, 1966, and again no issue was raised as to joint liability on the note. The home (held by the entirety) was ordered sold and the proceeds were divided equally between the parties.

We fail to find in the record any evidence showing where the chancery court at any time considered or had any opportunity to decide whether appellant was a "co-signer" or an "accommodation signer" of the note sued on, or that she had discharged her liability on the note if she was in fact a co-signer.

Appellant cites *Robertson* v. *Evans,* 180 Ark. 420, 21 S. W. 2d 610, as holding:

> "The test in determining a plea of res judicata is not alone whether the matters presented in a subsequent suit were litigated in a former suit between the same parties, but whether such matters were necessarily within the issues and might have been litigated in the former suit."

Conceding the announced rule to be correct, appellant fails to point out, and we fail to find, where the issues here "were necessarily within the issues" in the prior chancery proceedings. Therefore we hold that the trial court (sitting as a jury) was justified in finding and holding as it did on the question of res judicata.

*Two.* Here, appellant contends the trial court erred in holding she was not an "accommodation" signer of the note, but again we do not agree with that contention.

The trial court based its decision on the ground that appellant did receive benefits from the proceeds of the

note and, therefore, she was a co-signer and *not* an accommodation signer. We think that is the correct rule, and we also find in the record substantial evidence to support that finding of fact.

On the "fact" issue appellant testified, in essence: I assume we borrowed money to build our house; we borrowed some money from an aunt for that purpose; I did not put any money in the house but did receive a half interest in it; I do not remember what the note to the bank was for; I cannot swear I did not receive any benefits from the note to the bank.

The burden was on appellant to prove she received no benefits. It was so held in the case of *Fisher* v. *The Rice Growers Bank,* 122 Ark. 600, 184 S. W. 36 and in *McArthur* v. *Cannon,* 229 A. 2d 372 (1967). Appellant appears to take the position it is immaterial as to whether or not she received benefits from the proceeds of the note, since the U. C. C. eliminated that element. The section of the U. C. C. relied on is Ark. Stat. Ann. § 85-3-415 (1) (Add. 1961) which reads:

> "An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it."

However, in the *McArthur* case, cited above, the court held that a signer who received benefits *from the proceeds of the note* was not an accommodation signer. The above *emphasized* words are, we think, the key to a correct interpretation of the Code. In other words, if, in this case, appellee had paid appellant for signing the note to the bank and she had received no *benefits from the note,* then she would still be an accommodation signer even though she did receive some money or benefits for the use of her name. This is explained in comment 2 under the section quoted above.

Affirmed.

Byrd, J., disqualified.