Mrs. E. O. HANSON et al *v.* W. S. CHEEK and Arthur R. DAVANT, Jr.

5-5722                                    475 S.W. 2d 526

Opinion delivered January 31, 1972

*John D. Thweatt, James M. Thweatt, Fred Mc-Donald* and *Dan Kennett,* for appellants.

*Heiskell, Donelson, Adams, Williams & Wall; Hale & Fogleman* and *Brick & Wallin,* for appellees.

Frank Holt, Justice. This appeal relates to the respective liabilities as between the signers of a note. Appellants, Mrs. E. O. Hanson, Elsie S. McCain, H. C. Stratton and Lucy B. Stratton, are stockholders in the Hughes Development Corporation. They executed their personal promissory note to the Fidelity National Bank

of West Memphis, Arkansas. Three other stockholders, who do not appeal, also signed the note. Subsequently, appellees, W. S. Cheek and Arthur R. Davant, Jr., who are not stockholders, also signed the note. Upon maturity of the unpaid note, the bank sought judgment against the corporate stockholders, individually, as makers of the note and also against the appellees, Davant and Cheek, as endorsers. The trial court, sitting as a jury, found that the seven stockholders were the makers of the personal promissory note and that the appellees were accommodation endorsers of the note. The court also found that all parties who signed the note were jointly and severally liable to the bank; that Cheek and Davant "have no liability to the other defendants accommodated by their endórsements," and that if Cheek and Davant should pay any part of the judgment on the note, they have the right of recourse against the makers of the note.

The appellants appeal only from that portion of the judgment holding that appellees Cheek and Davant are accommodation endorsers with the right of recourse against the appellants as makers of the note. Appellants contend for reversal that the court erred because: "Appellees received the same benefits from the proceeds of the note as appellants and are thereby precluded from the status of accommodation endorsers." We review the evidence to determine if there is any substantial evidence to support the trial court's finding that appellees are accommodation endorsers with the right of recourse.

The appellants and three other stockholders in the Hughes Development Corporation signed a personal promissory note for $40,000.00. These funds were needed by the corporation in order to exercise its option to purchase some property for constructing a shopping center. One of the stockholders, who does not appeal, personally secured the signatures of the appellants and the other stockholders (a total of seven) upon this personal note. This stockholder then took the note to the bank for approval of the loan. The appellees, Cheek and Davant, were present. Appellees had been given an exclusive contract by the corporation to secure permanent financing for the construction of this project. They

would earn a 10% commission upon procurement of the permanent loan. A bank official asked the appellees if they considered this to be "a good loan," to which they responded in the affirmative. The official then asked if they would "mind putting your signatures on the back of it then." The appellees agreed and signed on the back of the note. The stockholders had signed on the face of the note. It appears undisputed that the appellees signed the note only at the request of the bank. The appellees never were shareholders in the corporation, although subsequent to the loan they were placed on the board of directors, or in some official position with the corporation. According to one of the stockholders, this was done with the thought that it would be beneficial to the corporation in negotiating permanent financing for its construction of the proposed supermarket. The funds acquired from the loan were deposited in the corporation's account at the lending bank and, after payment of the loan expenses, most of the funds were used to exercise the option to purchase the real estate. Any checks drawn on this account established at the lending bank required the countersignature of one of the appellees or a Mr. McGraw, a stockholder. The appellees received no part of the funds. It is undisputed that the only possibility of appellees receiving any compensation from the corporation for their services depended upon their arranging permanent financing for the proposed shopping center complex at an estimated cost of $3,000,000.00.

Ark. Stat. Ann. § 85-3-415 (Add. 1961) reads, in pertinent part:

(1) An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it.

(5) An accomodation party is not liable to the party accommodated, and if he pays the instrument has a right of recourse on the instrument against such party.

In *Riegler* v. *Riegler,* 244 Ark. 483, 426 S. W. 2d 789 (1968) we recognized that in an action for contribution

900

on the payment of a note, the burden is upon the asserted accommodation maker to prove no benefits were received. There we applied the substantial evidence rule in affirming the action of the trial court in denying the status of an accommodation maker.

In the case at bar it certainly must be said there is substantial evidence to support the finding of the trial court that the appellees are accommodation endorsers with the right of recourse to recover from the appellants any payment appellees make upon the note.

Affirmed.

FOGLEMAN, J., disqualified and not participating.