**Gerald D. JONES, Appellant,**

v.

**The SAN ANGELO NATIONAL BANK OF SAN ANGELO, Texas, and Samuel Gerehoff, Independent Executors of the Estate of Theodore H. Vetterlein, Jr., Deceased, Appellees.**

**No. 7654.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 30, 1974.

Rehearing Denied Jan. 23, 1975.

Logan, Lear, Gossett & Harrison, San Angelo, for appellant.

Marschall, Hall, McLauglin & Lane, San Angelo, for appellee.

STEPHENSON, Justice.

This is an action by the Estate of Theodore Vetterlein, Jr., deceased, for indemni-

fication under a written contract and a cross-action by Gerald Jones, defendant and cross-plaintiff, for a declaratory judgment and contribution from Darlene, Inc. Trial was before the court, and judgment was for plaintiff in the original action and denial of all other relief. This appeal concerns only trial court's refusal to grant the relief prayed for in the cross-action.

This suit involves a somewhat complicated financial transaction and a lengthy factual explanation is required. Gerald Jones and Theodore H. Vetterlein, Jr., agreed orally to form a corporation to construct houses, townhouses, and for related purposes. Darlene, Inc., a Texas corporation, was chartered with 50 percent of the stock owned by Jones and 50 percent owned by Vetterlein & Co., a corporation wholly owned by Theodore Vetterlein, Jr. Those two individuals borrowed $100,000 from the First National Bank of San Angelo, and that money was used as operating capital for Darlene, Inc. Theodore Vetterlein, Jr., died in December, 1971, and the San Angelo National Bank of San Angelo and Samuel Gereboff qualified as independent executors of his estate. Jones, Vetterlein & Co., the Estate, and Darlene, Inc., entered into a dissolution agreement dated March 31, 1972. In such contract, it was agreed that Darlene, Inc., would pay $15,000 on the First National Bank note, plus the accrued interest, and that Darlene, Inc., Jones, and the Estate would execute a six months' renewal note. Such contract stated those parties also acknowledged that they had executed a note to the City Savings and Loan Association in the amount of $160,000 which was to be paid by the sale of the townhouses which had been and were under construction. Such contract also showed that Darlene, Inc., had executed a note in the amount of $50,000 payable to Vetterlein & Co., which was still outstanding.

Payments were made on the First National Bank note until the unpaid balance was $8,292.33 as of September 18, 1973, at which time the Estate paid such balance in full, plus the accrued interest. This suit was then brought by the Estate against Jones to recover one-half of the amount paid, as provided for in the dissolution agreement. As stated above, Jones does not complain about that portion of the judgment.

The sole point of error in this court is that the trial court erred in failing to render judgment for Jones to recover contribution from Darlene, Inc., for one-half of the amount he is obligated to pay the Estate, and that such contribution is superior to the indebtedness owed by Darlene, Inc., to Vetterlein & Co.

The basis for the contentions made by Jones are that he was an accommodation party to the original note and renewals, and that Darlene, Inc., was the real principal on the note in question. Article 3.-415(a) of Vernon's Tex.Bus. & Comm. Code Ann. (1968) is cited as authority for that contention, such section reading as follows:

> "An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it."

Further, if Darlene, Inc., was not the principal at the outset, then it acquired the status of a principal in the dissolution agreement mentioned above. Jones argues the following paragraph in that agreement supports his position, to-wit:

> "In the event either JONES or ESTATE or VETTERLEIN becomes personally liable for, and pays, either of the two above described notes which have inured for the benefit of DARLENE, such liability shall be equal between (1) JONES and (2) the ESTATE or [sic] VETTERLEIN; and each shall indemnify the other for any of such liability borne by one for the other."

■ The trial court made a finding, in its judgment, that Jones received both direct and indirect benefits from the $100,000 loan from the First National

Bank, and was a principal on such note and not an accommodation party. We agree.

The evidence shows the original loan was made by the First National Bank directly to Jones and Theodore Vetterlein, Jr., individually, and not to Darlene, Inc. The entire $100,000 was received by them individually, and they then transferred the money to Darlene, Inc. A careful reading of the section of the Uniform Commercial Code, quoted above, shows clearly the name of Darlene, Inc., would have to have been shown to be a party to the loan for Jones to acquire a status of an accommodation party. Even then, under the circumstances of this case, he could not qualify. This question was settled in Wortham v. Lake Jackson State Bank, 435 S.W.2d 612 [Tex.Civ.App.—Houston (14th Dist.) 1968, writ ref'd n.r.e.], in which these statements are made:

"It has been heretofore determined that a stockholder who personally endorses his corporation's note thereby securing a loan for such corporation derives a substantial benefit and good consideration therefor. Motor & Industrial Finance Corp. v. Hughes, 157 Tex. 276, 302 S. W.2d 386; Martin v. Fannin Bank, Tex.Civ.App., 389 S.W.2d 724, no writ hist.; Zax v. Coast Properties Co., Tex. Civ.App., 411 S.W.2d 370, writ ref., n.r. e. 'When a director or stockholder signs the corporation's paper for the protection of his interest therein, he cannot claim to be an accommodation endorser or maker * * *.' (citing authorities), Otto v. Republic Nat'l Co., [Tex.Civ. App.,] 173 S.W.2d 235, writ ref."

See also Riegler v. Riegler, 244 Ark. 483, 426 S.W.2d 789 (1968), interpreting the exact definition of an accommodation party, in the U.C.C. of that state.

The trial court's findings that Jones was not an accommodation party is supported by the evidence, and he was not entitled to recover. Under Section (5) of Article 3–415 of the U.C.C., it is provided, in effect, that if an accommodation party pays the instrument, he has the right of recourse on the instrument against the party accommodated.

■ We find nothing in the dissolution agreement to indicate the parties intend to alter the original relationship between themselves. That is, that they would each own a one-half interest in Darlene, Inc., and would share in the profits or losses on the same basis. The dissolution agreement specifically provided in effect that if either paid the First National Bank loan, he or it was entitled to indemnity from the other. No mention was made of contribution from Darlene, Inc.

The dissolution agreement provided for Darlene, Inc., to pay $15,000 on this note, and then obligated it to make additional payments only on the condition that it had operating capital or available monies exceeding $15,000. The only evidence in this record shows that Darlene, Inc., had less that $15,000 operating capital at the time Vetterlein & Co. paid off the First National Bank loan.

This dissolution agreement also provided, in effect, that after all the liabilities and debts of Darlene, Inc., had been paid, the parties agreed to liquidate and dissolve Darlene, Inc. The promissory note payable by Darlene, Inc., in the amount of $50,000 would be due and payable either at the time of dissolution or at the time Darlene, Inc., had paid all of its other debts, whichever occurred first. To allow Jones contribution from Darlene, Inc., for the one-half he is obligated to pay Vetterlein & Co., would put him in a preferred position over Vetterlein & Co. to the extent of the contribution. There is no indication that the parties ever intended that to be the result of the agreement between them. Jones' point of error is overruled.

Affirmed.