The facts of this case may be summarized as follows: The plaintiff sought an injunction and other equitable relief to restrain the defendant from proceeding with a summary process action that was pending in the Court of Common Pleas in the seventeenth geographical area. Pursuant to General Statutes 52-47,[1] the action was made *Page 702 
returnable to the Court of Common Pleas in Hartford County. Thereafter, the defendant, appearing specially, moved to erase the action from the docket on the ground that the court lacked jurisdiction because the "action should be maintained in the same geographical area [as the summary process action] or in the summary process action pending in Geographical Area # 17." The court granted the motion on the ground that the action was "an obvious attempt to split a cause of action and . . . should not be permitted."
The plaintiff has appealed from the judgment erasing the case from the docket. A motion to erase a case from the docket can be granted only where it clearly appears on the face of the record that the court lacks jurisdiction. Practice Book 94; Karp v. Urban Redevelopment Commission,162 Conn. 525, 526; Pearson v. Bridgeport Hydraulic Co., 141 Conn. 646, 648. The principal issue on this appeal, therefore, is whether the record reveals that the Court of Common Pleas did not have jurisdiction over this action.
Under 52-6 of the General Statutes the Court of Common Pleas has jurisdiction over civil actions for equitable relief. It is well established that if a defendant in a summary process proceeding has equitable grounds to stay that proceeding, the proper course is to resort to equity for relief.[2] *Page 703 
Atlantic Refining Co. v. O'Keefe, 131 Conn. 528,531; Winestine v. Rose Cloak Suit Co., 93 Conn. 633,638; Damato v. Gilman, 16 Conn. Sup. 276; Dreifuss v. World Art Group, Inc., 6 Conn. Cir. Ct. 309, 313. By statute all civil actions, except small claims, support, and summary process actions, must be made returnable to the Court of Common Pleas in the county. General Statutes 52-47. The plaintiff's action requesting equitable relief from the summary process action, therefore, was made returnable to the Court of Common Pleas in Hartford County on the basis of the domicil of the parties.
"A motion to erase admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." Brown v. Cato,147 Conn. 418, 419; Perrys, Inc. v. Waterbury Redevelopment Agency, 157 Conn. 122, 124. The record in the present case supports the jurisdiction of the Court of Common Pleas over this matter. Although the plaintiff's complaint alleged that the "defendant has instituted a summary process action . . . in the Court of Common Pleas, 17th Geographical Area . . .naming the plaintiff as a defendant . . .," "that allegation, on its face, does not support the court's conclusion that the plaintiff's equitable action was an "attempt to split a cause of action." The mere fact that the parties in one action are the same as those in another pending case does not, in and of itself, deprive the court in the second case of its jurisdiction over the matter. See Brochin v. Connecticut Importing Co.,137 Conn. 350, 352-53; Dettenborn v. Hartford-National Bank Trust Co., 121 Conn. 388, 392; 1 Stephenson, Conn. Civ. Proc. (2d Ed.) 104. Only by hearing facts outside the record before it can the court in the second action determine if both cases are, in fact, the same cause of *Page 704 
action.[3] Accordingly, it has been held consistently that the proper method of raising a claim that there is a prior action pending between the same parties is by a plea in abatement. Tazza v. Planning Zoning Commission, 164 Conn. 187,194; Phillips v. Moeller, 147 Conn. 482, 487; Fetzer v. Miscoe Spring Water Co., 141 Conn. 364, 365.
On the face of the record before it the court had jurisdiction over this action. "The motion to erase could not take the place of a timely plea in abatement alleging the facts on which the claim of lack of jurisdiction was predicated." Karp v. Urban Redevelopment Commission, 162 Conn. 525,532. Accordingly, the court erred in granting the defendant's motion to erase.
 There is error, the judgment is set aside and the case is remanded with direction to deny the motion to erase the case from the docket.
In this Opinion D. SHEA and SPONZO, Js., concurred.