536 P.2d 1157 (1975)
Philip J. LASKY, Plaintiff-Appellant,
v.
Milton BERGER, Defendant-Appellee.
No. 74-413.
Colorado Court of Appeals, Div. II.
April 29, 1975.
Rehearing Denied May 20, 1975.
Certiorari Denied July 14, 1975.
*1158 Litvak, Schwartz & Karsh, P. C., Lawrence Litvak, Denver, for plaintiff-appellant.
Tinsley, Frantz & Fleming, P. C., Albert T. Frantz, Lakewood, for defendant-appellee.
Not Selected for Official Publication.
RUTLAND, Judge.
The opinion announced on March 18, 1975, is withdrawn, and the following opinion is issued in its stead.
Plaintiff Philip J. Lasky initiated this action to recover on a renewal promissory note as an accommodation party with rights of subrogation to the holder of the note. On this appeal he contends that the trial court erred in dismissing his complaint. We affirm.
This appeal was originally dismissed on jurisdictional grounds for Lasky's apparent failure to file a timely motion for extension of time within which to file his motion for a new trial. See Austin v. College/University Insurance Co., 30 Colo. App. 502, 495 P.2d 1162. However, on petition for rehearing as supported by affidavit of the clerk of the trial court, it appears that the date shown in the record on appeal for entry of judgment was incorrect and that judgment was actually entered pursuant to C.R.C.P. 79(a) three days after the date shown in the record. Hence, we proceed with review of the appeal on its merits.
The facts as found by the trial court and supported by the evidence are as follows: Lasky was the president, general manager, and majority stockholder of three corporations engaged in the business of selling franchises for the retail sale of tapes and records and wholesaling merchandise to their franchise stores. Until shortly prior to the institution of the present action, Berger acted as attorney for Lasky and these corporations. The parties also were social friends.
In early 1971 Berger caused to be organized a retail tapes and records store, known as Southern Colorado Tapes & Records, Inc., (Southern Colorado) as a franchisee of Lasky's corporations. Berger was an officer of Southern Colorado for the first five months though he never owned any stock therein. After about six weeks of operation, management of the store was taken over by Berger's son-in-law and daughter. Thereafter Berger had little involvement in the store's operation. Lasky, in his capacity as president of the franchsor corporations, was familiar with the day-to-day operation of Southern Colorado.
By early spring of 1972 Southern Colorado was "seriously delinquent" in its account with Lasky's corporations. Sometime in March 1972, while Lasky was abroad, Southern Colorado, acting through Berger's son-in-law, requested a further shipment of goods on credit. Because of Southern Colorado's delinquent account, the comptroller of Lasky's corporations refused to make the shipment. Thereupon, he received a call from Berger telling him to fill the order and that Berger would "personally take care of the matter" when Lasky returned. In reliance of the fact *1159 that Berger was the corporation's attorney and a friend of Lasky's, the comptroller then directed that merchandise in the amount of $1,661.81 be sent to Southern Colorado, thereby increasing the total indebtedness of Southern Colorado to $7,728.75.
When Lasky returned he was advised by the comptroller of Southern Colorado's delinquent account, of the conversation with Berger, and of the shipment of merchandise to Southern Colorado in reliance thereon. The comptroller requested that Lasky attempt to collect the account. Thereupon, in conversation with Berger, Lasky insisted that arrangements be made for Southern Colorado to pay its account. Berger indicated that he did not have any way to insure immediate payment and that he would not personally assume the debt. Lasky then suggested that he could procure a loan with which to pay the account on favorable terms.
Subsequently, Lasky negotiated a loan with his bank in the amount of Southern Colorado's debt, and both he and Berger, in their individual capacity, signed the promissory note representing the loan. The entire proceeds of the loan were used to pay Southern Colorado's delinquent account, and both parties expected that Southern Colorado would pay the note when due.
Shortly prior to the due date of the note, Lasky contacted Berger relative thereto and was informed by the latter that he did not have the funds with which to pay it. Lasky then negotiated a six-month renewal note with the understanding that Berger would pay the interest on the original note. Both parties in their individual capacity signed the renewal note, and Berger paid the interest on the original note.
Neither principal nor interest on the renewal note was paid on the due date, and Lasky negotiated a further extension of six months. When Berger refused to pay this note on its due date, Lasky repaid the note and initiated the present action to recover that amount. Berger counterclaimed for $222.81, representing interest paid on the original note, or, in the alternative, $111.40 as contribution therefor.
Based upon the foregoing findings, the trial court concluded that both parties signed the renewal note as co-makers, and further that Lasky was not an accommodation maker for the benefit of Berger at the time he executed the note and renewal note. Having determined that both parties were primarily liable on the note, and since Lasky elected not to seek contribution from Berger for one-half of the obligation on the renewal note, the trial court dismissed Lasky's complaint. Berger's counterclaim was also dismissed on the basis that Lasky had already paid more than he was legally responsible for on the debt.
On this appeal, Lasky first contends that the trial court erred in holding that he was a co-maker and not an accommodation maker. We disagree.
Pursuant to § 4-3-415(1), C.R.S. 1973 (C.R.S.1963, XXX-X-XXX(1)), Lasky would qualify as an accommodation party only if his purpose in signing the note was to lend his name as a surety to Berger. However, based upon the evidence and reasonable inferences drawn therefrom, the trial court concluded that Lasky's primary purpose in signing the note was to benefit his business interests by obtaining early payment of the Southern Colorado account in the expectation that Southern Colorado would ultimately repay the note.
Contrary to Lasky's contention here, it was proper for the trial court in reaching its conclusion to consider that Lasky's business interests were benefited even though that benefit was subsequently eliminated when Lasky was required to repay the note. See Riegler v. Riegler, 244 Ark. 483, 426 S.W.2d 789. This is because *1160 the status of a party to a note must be determined based upon the facts and circumstances in existence at the time the note is signed. Hence, the receipt of benefits at that time may be considered as substantial evidence that the party did not sign as an accommodation maker but as a co-maker. 6C W. Willier & F. Hart, UCC Reporter Digest § 3-415 at 2-1012.5. Accordingly, there being evidence to support the trial court's findings and conclusions on this issue, we may not disturb that determination in this appeal. Dominion Insurance Co., Ltd. v. Hart, 178 Colo. 451, 498 P.2d 1138. Thiele v. State, 30 Colo.App. 491, 495 P.2d 558.
Lasky contends that the trial court erred in ignoring his corporations' material alteration of their position in detrimental reliance on Berger's promise to take care of Southern Colorado's obligation. Since the corporations were not parties to the lawsuit, this contention is without merit. Cf. Gaines v. Sterling, 140 Colo. 63, 342 P.2d 651.
Lasky also contends that the trial court has "found a wrong, but administered no remedy." This contention is also without merit. In denying Lasky's motion for a new trial, the court again pointed out that Berger was obligated for one-half of the renewal note obligation, but that Lasky had elected not to seek to amend his pleadings to claim contribution even after entry of judgment. The trial court therefore concluded that it was improper to award such relief on its own motion. Lasky having elected to maintain his position both in the trial court and here that he was an accommodation maker only, we find no error in the trial court's refusal to grant relief based on Lasky's status as a co-maker.
We have considered Lasky's other allegations of error and find them to be without merit.
Judgment affirmed.
ENOCH and PIERCE, JJ., concur.