UNITED BANK AND TRUST COMPANY OF
MARYLAND *v.* MARVIN O. SCHAEFFER

[No. 107, September Term, 1976.]

*Decided March 22, 1977.*

The cause was argued before MURPHY, C. J., and SINGLEY,
SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*Patrick F. Mahoney,* with whom were *Giordano,
Alexander, Haas, Mahoney & Bush* on the brief, for
appellant.

*William F. Higgins,* with whom was *Emanuel Lewis* on
the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

In *Schaeffer v. United Bank & Tr. Co.*, 32 Md. App. 339, 360 A. 2d 461 (1976) the Court of Special Appeals reversed a judgment in the amount of $5,313.83, with interest and costs, entered in the Circuit Court for Prince George's County in favor of the United Bank and Trust Company of Maryland (the Bank) against Marvin C. Schaeffer and remanded the case for a new trial. Upon petition of the Bank we issued a writ of certiorari to the Court of Special Appeals. Briefs were filed and argument heard in this Court. We affirm the judgment of the Court of Special Appeals.

Judge John P. Moore, speaking through a unanimous three judge panel for the Court of Special Appeals, determined that the ultimate question presented was "whether the Circuit Court for Prince George's County properly granted [the Bank's] motion for a directed verdict in an action upon an installment note where there was evidence that [Schaeffer], an accommodation maker, was unable to read and had been told by the accommodated party, who had been his supervisor and friend, that the document he was signing was a 'character reference'." *Schaeffer v. United Bank & Tr. Co.*, *supra*, 32 Md. App. at 340-341. This is also the ultimate question before us. The Court of Special Appeals found that the grant of the motion was erroneous. *Id.* at 347. We reach the same answer as did the Court of Special Appeals, and for substantially the same reasons.

The facts and circumstances leading to the judgment against Schaeffer were concisely set out in the opinion of the Court of Special Appeals. In early 1973 James and Marie Estepp, husband and wife, sought a debt consolidation loan from the Bank. The Bank was unwilling to make them an unsecured loan for the amount they desired without the additional signature of a real property owner in Prince George's County. To that end Mr. Estepp then approached Schaeffer, whom he supervised at work at the Tantallon Country Club and who owned real property in Clinton. On May 19, 1973 the Estepps signed the face of an "Unsecured

Installment Note" in the amount of $5,622.69 and Schaeffer signed the reverse side which was blank. The note contained a standard confession of judgment clause. After the Estepps had made a few of the required monthly installments of $192.93, the payments ceased and the Bank communicated with Schaeffer, who advised the Bank of Mr. Estepp's new telephone number and place of employment, in Las Cruces, New Mexico. The Bank contacted Estepp there but, his assurances to the contrary notwithstanding, no further payments were ever received. In due course, Schaeffer was invited to the Bank to make arrangements for him to start paying on the loan. He endeavored, unsuccessfully, to have the Estepps resume the payments and the Bank ultimately obtained judgment by confession against him in the amount of $5,313.83. Schaeffer's motion to vacate the confessed judgment was granted and Schaeffer filed a general issue plea. He also alleged that the Bank obtained the note by misrepresentation and without consideration to or from the defendant and prayed a jury trial. It is clear from the plain language of the note that Schaeffer was an accommodation maker. Maryland Code (1957, 1964 Repl. Vol.) Art. 95B (hereinafter cited as "UCC"), § 3-402 and § 3-415, now Maryland Code (1975), Commercial Law Article § 3-402 and § 3-415.

In granting the directed verdict at the close of all the evidence, the trial court said: "[I] do not think that the United Bank did anything wrong in this case in its dealings and I have not seen any evidence here today that it committed any kind of fraud on this particular defendant." The Court of Special Appeals observed: "It is manifest that the court overlooked evidence of fraud on the part of the maker, James Estepp, and herein resides reversible error." *Schaeffer v. United Bank & Tr. Co., supra,* 32 Md. App. at 342. We are in complete accord.

In determining the propriety of the grant of the motion for a directed verdict here, the truth of all credible evidence and of all inferences fairly deducible therefrom must be assumed and considered in the light most favorable to Schaeffer, the party against whom the motion was made.

*Hensel v. Beckward,* 273 Md. 426, 427-428, 330 A. 2d 196 (1974); *Wood v. Abell,* 268 Md. 214, 230-231, 300 A. 2d 665 (1973). The opinion of the Court of Special Appeals recounted the evidence adduced at trial pertaining to the signing of the note and correctly determined that under the rule the evidence, when considered in the light most favorable to Schaeffer, would establish "(1) that he was almost illiterate, (2) that the nature of the transaction was not explained to him by the bank, (3) that he did not understand that he was assuming any financial responsibility when he signed the note and (4) that Mr. Estepp falsely and fraudulently misrepresented the document." *Schaeffer v. United Bank & Tr. Co., supra,* 32 Md. App. at 344. Judge Moore, for the court, found that this evidence mounted up to fraud in the *factum, id.* at 344, and was a defense available to Schaeffer. We reach the same conclusions for the reasons expressed in the opinion of the Court of Special Appeals. *Id.* at 344-348.[1]

Because there was evidence from which a jury could have found Schaeffer not liable on the note, it was error, as the Court of Special Appeals held, for the trial court to grant a directed verdict for the Bank.

> *Judgment of the Court of Special Appeals affirmed; costs to be paid by United Bank and Trust Company of Maryland.*

---

1. The Court of Special Appeals observed that the Bank was not a holder in due course. Schaeffer v. United Bank & Tr. Co., 32 Md. App. 339, 346, 360 A. 2d 461 (1976). Even if the Bank were a holder in due course, *see* UCC § 3-302 (2), it did not take the note free from "[s]uch misrepresentation as has induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms. . . ." UCC § 3-305 (2) (c). *See* Official Comment 7 to paragraph (c) of subsection (2), § 3-305.