412 S.E.2d 219

**Ruth M. KODYM (Now Stark),
Plaintiff Below, Appellant,**

v.

**Carole FRAZIER, Elaine Frazier, Maxine Russell, and Paula Russell Mullen, Defendants Below, Appellees.**

**No. 19922.**

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 25, 1991.

Decided Dec. 6, 1991.

Frank M. Armada, Hurricane, for appellant.

Herschel H. Rose, III, Steptoe & Johnson, Charleston, for appellee Carole Elaine Frazier.

Randall L. Trautwein, Levy & Trautwein, L.C., Huntington, for appellees Maxine Russell and Paula Russell Mullen.

MILLER, Chief Justice:

This appeal by the plaintiff, Ruth M. Kodym (now Stark), from an adverse jury verdict centers on what is claimed to be an instructional error by the trial court. It gave a defense instruction which in effect stated that if the jury was uncertain as to whether the plaintiff's damages were caused by the defendants or believed that it was as probable that the plaintiff's injuries were caused by nonparties, then the jury might find for the defendants. The plaintiff also maintains that she was entitled to a directed verdict on liability.

## I.

The facts are not in substantial dispute. On July 26, 1985, the plaintiff stopped at a produce market in Putnam County while driving on U.S. Route 35. As the plaintiff waited off the highway for traffic to clear so she could re-enter U.S. Route 35, defendant Maxine Russell approached, driving her daughter's car and intending to pull into the parking lot of the produce market. Suddenly, the Russell vehicle was struck from behind by a car driven by defendant Carole Frazier, a resident of Charleston, Kanawha County, causing the Russell vehicle to collide with the plaintiff's car and resulting in personal injuries to the plaintiff. Shortly thereafter, a second collision occurred when a pick-up truck driven by Wilbur Waddell was struck by a vehicle operated by Gladys Morrison, causing Mr. Waddell's truck to collide with the Frazier vehicle.

In April, 1987, the plaintiff brought suit in the Circuit Court of Kanawha County

against Ms. Frazier,[1] Mrs. Russell, and Paula Russell Mullen, Mrs. Russell's daughter. Mr. Waddell and Ms. Morrison were not named as defendants by the plaintiff or sued by the named defendants as third-party defendants under a joint tortfeasor theory.

Before the trial began, the defendants, through counsel, withdrew their claims that the plaintiff was guilty of contributory negligence or assumption of the risk. In opening statements, both defense counsel acknowledged that the plaintiff was not at fault.

At trial, the plaintiff claimed there was only one impact with her vehicle which occurred when the Russell vehicle was driven into her car after being struck by the Frazier vehicle. The plaintiff's testimony was borne out by Deputy William Gillispie of the Putnam County Sheriff's Department. Deputy Gillispie was allowed to read a summary from his accident report form, which indicated only that Ms. Morrison's car struck Mr. Waddell's pick-up truck, causing it to hit the Frazier vehicle. There was nothing in the summary to suggest that the plaintiff's vehicle was struck as a result of this second collision.

Ms. Frazier, however, asserted that the plaintiff's vehicle had been struck at least once as a result of the second collision. Ms. Frazier testified that when Mr. Waddell's pick-up truck struck her vehicle, the impact caused her car either to collide directly with the plaintiff's vehicle or to strike Mrs. Russell's vehicle a second time, causing it to collide with the plaintiff's car. Mrs. Russell's testimony did not support the two-impact theory.

At the conclusion of all the evidence, the plaintiff requested the trial court to direct a verdict in her favor. She pointed out that the defendants had conceded that she was without fault. She also argued that liability had been established against Mrs. Russell because she had failed to give a proper signal of her intention to turn into the produce market. Moreover, according to Ms. Frazier's testimony, Mrs. Russell had reduced her speed too abruptly. The plaintiff asserted that Ms. Frazier had failed to keep a proper lookout so as to observe the Russell car braking and to avoid colliding with it.

The trial court refused to direct a verdict for the plaintiff. It also gave, over the plaintiff's objection, Defendant's Instruction No. 13, which advised the jury that if it was uncertain whether the plaintiff's damages were caused by the defendants or believed it as probable that the plaintiff's damages were caused by persons other than the defendants, then the jury could find for the defendants.[2] The jury returned a verdict in favor of the defendants.

## II.

We have long recognized a rule of joint and several liability for plaintiffs. This means that where the plaintiff is injured by the concurrent negligence of several defendants, the plaintiff may elect to sue one or more of them. As we stated in Syllabus Point 2 of *Sitzes v. Anchor Motor Freight, Inc.*, 169 W.Va. 698, 289 S.E.2d 679 (1982):

"This jurisdiction is committed to the concept of joint and several liability among joint tortfeasors. A plaintiff may elect to sue any or all of those responsible for his injuries and collect his damages from whomever is able to pay, irrespective of their percentage of fault.

---

1. Though named as separate defendants, it appears that Carole Frazier and Elaine Frazier are, in fact, the same person—Carole Elaine Frazier.

2. Defendant's Instruction No. 13 stated:
 "The Court further instructs the jury that if you, the jury, are uncertain as to whether any particular element of damage as claimed was caused by the negligence of the defendants, or if it appears just as probable that any injury [or] element of damages complained of resulted from a cause other than the negligence of

the defendants, then you, the jury, are instructed that the plaintiff cannot recover from these defendants for any of these other injuries. Therefore, if it appears to you that the damages claimed by the plaintiff were caused by the negligence of persons [not] parties not to this actions [*sic*], that they were caused by the negligence and that they were not caused by the negligence of the defendants, then you may find in favor of the defendants."

Our adoption of a modified rule for contributory negligence in *Bradley v. Appalachian Power Co.*, 163 W.Va. 332, 256 S.E.2d 879 (1979), did not change our adherence to joint and several liability."

Where the plaintiff elects to sue fewer than all of the joint tortfeasors, the named defendants have the right to bring in the other joint tortfeasors based on a right of inchoate contribution. As we stated in Syllabus Point 2 of *Board of Education v. Zando, Martin & Milstead, Inc.*, 182 W.Va. 597, 390 S.E.2d 796 (1990):

"A defendant in a civil action has a right in advance of judgment to join a joint tortfeasor based on a cause of action for contribution. This is termed an 'inchoate right to contribution' in order to distinguish it from the statutory right of contribution after a joint judgment conferred by W.Va.Code, 55–7–13 (1923)."

*See also Haynes v. City of Nitro*, 161 W.Va. 230, 240 S.E.2d 544 (1977).

By giving this right of inchoate contribution, we extend to a defendant the ability to bring in other joint tortfeasors to help share in any potential recovery that may be obtained by the plaintiff. Thus, the plaintiff's right of joint and several liability based on the right to chose who will be sued does not mean that a named defendant will be solely liable if there are other joint tortfeasors whom the named defendant elects to bring in.

We also explained in Syllabus Point 4 of *Zando, supra*, that a defendant may assert as a theory of liability against a joint tortfeasor any theory that could have been asserted by the plaintiff:

"Our right of contribution before judgment is derivative in the sense that it may be brought by a joint tortfeasor on any theory of liability that could have been asserted by the injured plaintiff. However, it is clear that the amount of recovery in a third-party action based on contribution is controlled by the amount recovered by the plaintiff in the main action."

All of these principles are designed to enable a defendant to level the playing field where there are multiple joint tortfeasors and the plaintiff sues only one or fewer than all. Here, the defendants made no attempt to bring in the nonparty tortfeasors.

There is little question in this case that if, as the defendants contended below, the collision of Ms. Morrison's car into the Waddell pick-up truck caused further damage to the plaintiff, then concurrent negligence would exist under Syllabus Point 1 of *Long v. City of Weirton*, 158 W.Va. 741, 214 S.E.2d 832 (1975):

" 'Where two or more persons are guilty of negligence which occurs in point of time and place, and together proximately cause or contribute to the injuries of another, such persons are guilty of concurrent negligence and recovery may be had against both or all of them.' *Syllabus* point 13., *Lester v. Rose*, 147 W.Va. 575, 130 S.E.2d 80 (1963)."

In Syllabus Point 1 of *Reilley v. Byard*, 146 W.Va. 292, 119 S.E.2d 650 (1961), we pointed out that the negligent acts of the various tortfeasors could be separate, but as long as they concurred to cause injury to the plaintiff, the tortfeasors were jointly and severally liable for the plaintiff's injuries:

"Where two or more persons are guilty of separate acts of negligence which in point of time and place concur, and together proximately cause injury to another, they are guilty of concurrent negligence for which they may be held jointly and severally liable in an action by the injured person or, in case death results therefrom, by his personal representative."

*Reilley* was cited in *Evans v. Farmer*, 148 W.Va. 142, 133 S.E.2d 710 (1963), where we reversed the trial court's directed verdict for the defendant Farmer on the basis that his negligence was not the proximate cause of the plaintiff's injuries. The vehicle driven by Farmer collided head-on with the plaintiff's vehicle. The collision occurred on the plaintiff's side of the high-

way, and Farmer's vehicle ended up blocking the rest of the highway. The injuries to the plaintiff were negligible. However, ten to twenty minutes later, the plaintiff was standing in back of her vehicle when the car of the co-defendant Miller struck the rear of the plaintiff's vehicle, seriously injuring her. We concluded that the issue of concurrent negligence was for the jury. Implicit in this holding was the point that Farmer could be held liable for the more serious injuries caused by Miller if concurrent negligence was found.

 We explained in Syllabus Point 5 of *Long* and in other concurrent negligence cases that a plaintiff is not required to prove that the negligence of one of the defendants is the sole proximate cause of the injury:

"In a concurrent negligence case, the negligence of the defendant need not be the sole cause of the injury, it being sufficient that it was one of the efficient causes thereof, without which the injury would not have resulted; but it must appear that the negligence of the person sought to be charged was responsible for at least one of the causes resulting in the injury."

*See also* Syllabus Point 2, *Everly v. Columbia Gas of W.Va., Inc.*, 171 W.Va. 534, 301 S.E.2d 165 (1982); *Burdette v. Maust Coal & Coke Corp.*, 159 W.Va. 335, 222 S.E.2d 293 (1976). The foregoing cases follow the principle that joint or concurrent tortfeasors who contribute to a plaintiff's injuries are jointly and severally liable for the entire injury. They are not entitled to have a jury weigh whose negligence caused what portion of the plaintiff's injuries.[3] *See generally* 57A Am.Jur.2d *Negligence* § 582 (1989); 65 C.J.S. *Negligence* § 110 (1966 & 1991 Supp.).

**3.** While joint tortfeasors cannot have the jury allocate the portion of plaintiff's injuries each caused, they can have their degree of negligence assigned by the jury under Syllabus Points 3 and 4 of *Sitzes v. Anchor Motor Freight, Inc.*, *supra:*

"**3.** As between joint tortfeasors, a right of comparative contribution exists *inter se* based upon their relative degrees of primary fault or negligence.

 In this case, it is clear that under the defendants' second collision theory, the absent parties were joint tortfeasors with the defendants in causing the plaintiff's injuries. The plaintiff was not required to sue them initially under our joint and several liability rule. In a concurrent negligence case such as this, a plaintiff is not required to establish that a defendant's negligence was the sole proximate cause of the injuries. There is no question that the evidence demonstrates that the negligence of the defendants was one of the efficient causes of the plaintiff's injuries.

The instruction in this case bears some lineage to that used in *Burdette v. Maust Coal & Coke Corp.*, 159 W.Va. at 342, 222 S.E.2d at 298, which involved concurrent negligence in a wrongful death case:

" 'The Court instructs the jury that where the evidence shows that any one of several things may have caused the deaths of plaintiffs' decedents, for some of which Maust and/or Summersville is responsible, and leaves it uncertain as to what was the real cause, then the plaintiffs have failed to establish their case and you should find in favor of the defendants, Maust and Summersville.' "

We found the instruction to be "misleading, because of its incompleteness and inconsistency with the rule relating to concurrent negligence." 159 W.Va. at 342, 222 S.E.2d at 298, *citing Long v. City of Weirton, supra,* and *Lester v. Rose,* 147 W.Va. 575, 130 S.E.2d 80 (1963). A similar problem exists with the instruction in this case because it is contrary to the concurrent negligence concept that a joint tortfeasor's negligence need not be the sole proximate cause of the plaintiff's injuries, but may be only a contributing cause.

"4. Once comparative fault in regard to contribution is recognized, recovery can be had by one joint tortfeasor against another joint tortfeasor *inter se* regardless of their respective degree of fault so long as the one has paid more than his *pro tanto* share to the plaintiff."

A tortfeasor may seek contribution if he pays more than his assigned share of the total verdict based on his degree of negligence.

The use of the term "probable" in the instruction is confusing. If the defendants' negligence proximately caused the plaintiff's injury, this was enough. There is no occasion in a concurrent negligence case to weigh which tortfeasor's negligence caused the most or least damage or injury to the plaintiff. Yet, the instruction's beginning sentence asks the jury to do just this by focusing on "whether any particular element of damage ... was caused by the negligence of the defendants, or if it appears just as probable that any injury or element of damages ... resulted from a cause other than the negligence of the defendants." The instruction advised the jury that in such circumstances "the plaintiff cannot recover from these defendants for any of these other injuries." Under the evidence the only other source of the plaintiff's injuries was the second impact. The instruction contained no language that would advise the jury of our concurrent negligence law or of its concomitant rule that the plaintiff's damages need not be the sole proximate result of the negligence of the defendants.

In sum, this instruction is counter to our theory of joint and several liability in concurrent negligence cases and to our rule that where a plaintiff is injured by concurrent negligence, the joint tortfeasors may not require the jury to determine whose act caused what amount of injury.

In Syllabus Point 5 of *Yates v. Mancari*, 153 W.Va. 350, 168 S.E.2d 746 (1969), we held:

> " 'An erroneous instruction is presumed to be prejudicial and warrants a new trial unless it appears that the complaining party was not prejudiced by such instruction.' Point 2, syllabus, *Hollen v. Linger*, 151 W.Va. 255 [151 S.E.2d 330 (1966)]."

Because Defendant's Instruction No. 13 was misleading, we conclude that there was reversible error in this case.

For the foregoing reasons, the judgment of the Circuit Court of Kanawha County is reversed, and this case is remanded for further proceedings consistent with this opinion.[4]

Reversed and remanded.

---

4. Because this case is reversed and remanded, the question of whether the plaintiff was entitled to a directed verdict is moot. At the retrial, if the evidence is substantially the same, a directed verdict for the plaintiff would be warranted.