429 S.E.2d 80

**Drema G. BILLS and Robert K. Bills, Plaintiffs Below, Appellants,**

v.

**LIFE STYLE HOMES, INC., d/b/a Berry Homes, Defendant Below, Appellee.**

**No. 21407.**

Supreme Court of Appeals of West Virginia.

Submitted Feb. 2, 1993.

Decided March 26, 1993.

---

**194**

Frank M. Armada, Hurricane, for appellants.

James D. Lamp, Lamp, O'Dell, Bartram & Entsminger, Huntington, for appellee.

PER CURIAM:

This is an appeal by Drema G. Bills and her husband, Robert K. Bills, from an October 31, 1991, order of the Circuit Court of Cabell County denying the Appellants' motion to set aside the jury verdict and to award a new trial. The jury returned a verdict of $15,000 in favor of the Appel-lants, apportioning 49% liability to Appellant Mrs. Bills and 51% liability to the Appellee. The Appellants contend that a new trial should be awarded on the basis of an erroneous instruction which was given to the jury. We reverse the order of the Circuit Court of Cabell County and remand this matter for a new trial.

I.

On November 7, 1985, at approximately 10:30 a.m., the Appellants visited a mobile home display operated by the Defendant, Life Style Homes, Inc., d/b/a Berry Homes (the "Appellee" or "Life Style Homes"). The temperature was in the mid–40's with a light rain. The Appellants were assisted in viewing the mobile homes by salesperson Allyn Bailey. In order to enter and examine the mobile homes, the Appellants had to walk up removable metal step platforms consisting of four steps. The step platforms were not equipped with handrails, and individual steps were not provided with a non-skid covering. While exiting one of the mobile homes, Appellant Mrs. Bills slipped on the metal stairway and fell backwards onto the steps, injuring her lower back.[1] The Appellants filed a complaint against the Appellee asserting that the Appellee failed to exercise ordinary care to protect Mrs. Bills from injury. The Appellee asserted the defenses of contributory negligence, comparative negligence, and assumption of risk. In furtherance of these defenses, the Appellee established that Mrs. Bills was aware, prior to her exit from the mobile home, that the metal steps were wet and that they were not equipped with handrails. The Appellee also emphasized the fact that Mrs. Bills had not previously objected to ascending or descending similar steps on the mobile home lot.

At the close of the evidence, the jury was instructed on duty of care, burden of proof, applicable laws of negligence, comparative negligence, and assumption of the risk. The lower court erroneously instructed the jury that assumption of risk was a complete bar to recovery by the Appellants. Both sides agree that the instruction was erroneous under Syllabus

---

**1.** Mrs. Bills sustained numerous abrasions and contusions and has worn a TENS unit since her injury in an effort to diminish her pain. She incurred over $6,400 in medical expenses and has been diagnosed as having a herniated disc.

Point 2 of *King v. Kayak Manufacturing Corp.,* 182 W.Va. 276, 387 S.E.2d 511 (1989): "A plaintiff is not barred from recovery by the doctrine of assumption of risk unless his degree of fault arising therefrom equals or exceeds the combined fault or negligence of the other parties to the accident." Specifically, Defendant's instruction number 11 informed the jury as follows:

Under West Virginia Law, a person who voluntarily exposes himself to a hazard with full knowledge and understanding of that hazard, assumes the risk of any injury so created. When one voluntarily assumes the risk of any injury from a known danger, she is barred from recovery in a negligence case.

Therefore, if you believe from a preponderance of the evidence that Drema Bills voluntarily and knowingly exposed herself to a hazard that resulted in her injury, then you may find that she assumed the risk and your verdict should be for the Defendant Life Style Homes.

The jury returned a verdict for $15,000, finding the Appellant Mrs. Bills 49% negligent and the Appellee 51% negligent. The Appellants have appealed to this Court alleging that the lower court's erroneous instruction prejudiced the Appellants and establishes cause for reversal and remand. The Appellee, while admitting that the instruction was indeed erroneous, maintains that it constituted harmless error and did not affect the decision of the jury.

## II.

■ Since the parties agree that the assumption of risk instruction was erroneous, the remaining issue for resolution is whether that error was harmless. In syllabus point 8 of *Kodym v. Frazier,* 186 W.Va. 221, 412 S.E.2d 219 (1991), we explained:

" 'An erroneous instruction is presumed to be prejudicial and warrants a new trial unless it appears that the complaining party was not prejudiced by such instruction.' Point 2, syllabus, *Hollen v. Linger,* 151 W.Va. 255 [151 S.E.2d 330 (1966) ]." Syllabus Point 5, *Yates v. Mancari,* 153 W.Va. 350, 168 S.E.2d 746 (1969).

In *Kodym,* we encountered an erroneous instruction regarding the causation of damages which instructed the jury that if they were uncertain as to whether the damages were caused by the defendant or if they believed that it was probable that the plaintiff's injuries were caused by non-parties, then the jury could find for the defendants. We determined that instruction to be improper and found reversible error based upon the erroneous and misleading instruction. *Kodym,* 186 W.Va. at 227, 412 S.E.2d at 225. Pursuant to our consistent approach to the dilemma created by an erroneous instruction, a presumption of prejudice is raised when such an instruction has been given. Moreover, the existence of the erroneous instruction warrants a new trial unless it appears that the complaining party was not prejudiced by the instruction. *Id.; see also Harris v. Matherly Machinery, Inc.,* 187 W.Va. 234, 417 S.E.2d 925 (1992); *Rahall v. Tweel,* 186 W.Va. 136, 411 S.E.2d 461 (1991); *Pino v. Szuch,* 185 W.Va. 476, 408 S.E.2d 55 (1991). Thus, the burden is upon Life Style Homes in the present case to establish that the complaining parties, the Appellants, were not prejudiced by the erroneous instruction.

■ In *Rahall,* the trial court had given an erroneous instruction regarding an accommodation party, one who signs an instrument in any capacity for the purpose of lending his name to another party to the instrument. In considering the erroneous instruction and the effect it may have had on the jury's determination, we explained that "[w]e cannot conclude that the plaintiff was not prejudiced by the erroneous instruction. Had the jury been properly instructed, it might have reached a different result." *Rahall,* 186 W.Va. at 141, 411 S.E.2d at 466. This case presents us with a similar issue, almost purely speculative in nature. We must establish what effect, if any, the erroneous instruction had on the jury. Furthermore, we must determine whether we can conclude that the Appellants were not prejudiced by the erroneous instruction. Because this case was tried on theories of negligence, the jury's thorough understanding of relative degrees of fault and the legal conclusions to be drawn

therefrom was indispensable. The jury was properly instructed as to the definition of negligence, the requirement of due care, and the laws of comparative negligence. However, in the instruction regarding assumption of risk, the jury was erroneously informed that assumption of risk by Mrs. Bills should result in a verdict for Life Style Homes. While, as Life Style Homes argues, the jury may not have relied upon that erroneous instruction in reaching its verdict of 51% negligence by Life Style Homes and 49% by Mrs. Bills, it is virtually impossible for us to conclude that the erroneous instruction did not impact the jury's decision or prejudice Mrs. Bills in any manner. If the erroneous instruction altered the jury's conception of the interrelationship among assumption of risk, comparative negligence, and general negligence principles, for instance, that misconception could have affected its judgment.

The Appellants have suggested that the jury's verdict could represent a compromise between those members of the jury who felt that denial of any recovery was too harsh and those who believed that Mrs. Bills should recover nothing because she had assumed the risk. That suggestion is not as untenable as the Appellees would have us believe. We are confronted with a reasonable hypothesis by the Appellants regarding the manner in which they could have been prejudiced by the erroneous instruction and by the resulting confusion of the jury. We cannot discount that assertion, and we cannot conclude that the erroneous instruction did not prejudice the Appellants' position.

Based upon the foregoing, we reverse the decision of the Circuit Court of Cabell County and award the Appellants a new trial.

Reversed and remanded.