FILED
United States Court of Appeals
Tenth Circuit

July 29, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

AMPHIBIOUS PARTNERS, LLC,

Plaintiff-Appellee,

v.

DONALD R. REDMAN;
GWENDOLYN D REDMAN,

Defendants-Third-Party-
Plaintiffs-Appellants,

v.

DAVID E. BEAGLE, individually;
WILLIAM A. GAVIN, individually;
RICHARD A. MASON, individually;
ERIC MUNOZ, individually; A.
LOUIS STEPLOCK JR., individually,

Third-Party-Defendants.

No. 07-8081

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
(D.C. No. 06–CV–31–CAB)

---

Mark W. Gifford, Casper, Wyoming, for Defendants-Third-Party-Plaintiffs-
Appellants.

Judith Studer, Casper, Wyoming, for Plaintiff-Appellee.

---

Before **BRISCOE, McKAY**, and **LUCERO**, Circuit Judges.

**McKAY**, Circuit Judge.

This case arises out of a loan obtained from Hilltop National Bank by Trolley Boats, LLC, a company owned 50% by Defendants, Donald and Gwendolyn Redman, and 50% by Plaintiff, Amphibious Partners, LLC. After the loan went into default, Plaintiff paid Hilltop Bank the full amount due on the note. Plaintiff then filed suit against Defendants seeking payment of that amount, plus accrued interest and attorney fees. Based on equitable considerations, the district court decided that Defendants were liable in contribution for the full amount of the debt. On appeal, Defendants challenge the district court's procedural decision to hear evidence and decide the case based on these equitable considerations. They also contest the court's ultimate conclusion that they should be held liable for the full amount of the debt.

## BACKGROUND

In 2003, Trolley Boats obtained a $100,000 loan from Hilltop Bank for operating expenses. Trolley Boats' promissory note was secured by individual guaranties executed by Defendants and five of the six individual members of Amphibious Partners. After Trolley Boats defaulted on the loan in September 2005, Plaintiff requested that Defendants pay 50% of the amount due, but Defendants refused. Plaintiff eventually paid Hilltop Bank the outstanding amount due on the note and in turn received an assignment of the note and

guaranties.

Plaintiff then filed the instant complaint against Defendants, invoking the district court's diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff, as assignee of the promissory note and guaranties, sought payment of the full amount of the note as well as interest and attorney fees.

In response, Defendants argued that their liability to Plaintiff was limited to their proportionate share of the amount due on the note, calculated by dividing the total liability by the number of cosureties. Specifically, in their opposition to Plaintiff's motion for summary judgment, Defendants argued that the law of contribution among co-guarantors limited their obligation to two-sevenths of the debt. Defendants argued that the relief sought by Plaintiff was "unreasonable and inequitable" and that "[e]quity demand[ed] that the Redmans . . . each pay one-seventh of the debt they guarantied, and no more." (R. at 145.)

The district court agreed with Defendants that Plaintiff's right to recover was "based on the equitable principles governing contribution between coguarantors, not the terms of the instrument on which the coguarantors have become liable."[1] (R. at 195.) The court stated: "Absent an express agreement

_____

[1] Based on this conclusion, the court ruled that Plaintiff was not entitled to attorney fees or accrued interest. On appeal, Plaintiff again asserts that Defendants should be held liable for prejudgment interest and attorney fees. To the extent that Plaintiff seeks to appeal the district court's rejection of this argument below, we will not consider this issue, which was not properly raised by
(continued...)

-3-

among the guarantors to the contrary, the contributive share of the guarantors is limited to the total liability of the cosureties to the obligee divided by the number of cosureties, or two-sevenths share of the Trolley Boats' $100,000 obligation to Hilltop National Bank, plus two-sevenths of the interest paid to Hilltop National Bank." (R. at 193.)

Plaintiff then filed a motion for additional findings of fact or a trial setting. In this motion, Plaintiff asked the court to enter judgment for 50% of the debt, interest, and attorney fees, based on Defendants' 50% interest in Trolley Boats. Alternatively, Plaintiff asked the court to set the matter for trial to take evidence as to what result would be equitable, given, inter alia, Defendants' unauthorized takeover of the Trolley Boats manufacturing facility in April 2004.

The court denied Plaintiff's request for additional findings of fact but granted the motion for a trial setting. In its order granting the trial setting, the court stated that "[t]he sole issues at the trial are whether there was an agreement

---

[1](...continued)
way of cross-appeal. *See Montgomery v. City of Ardmore*, 365 F.3d 926, 944 (10th Cir. 2004) (declining to consider district court's refusal to award attorney's fees because appellees failed to file cross-appeal on this issue); *see also Savage v. Cache Valley Dairy Ass'n*, 737 F.2d 887, 889 (10th Cir. 1984) (holding that filing of timely cross-appeal is mandatory and jurisdictional). To the extent that Plaintiff wishes us to grant such an award as a sanction against Defendants on appeal, we conclude that such a sanction is not warranted on the basis of this appeal. *See Lewis v. Circuit City Stores, Inc.*, 500 F.3d 1140, 1152-53 (10th Cir. 1987) (explaining that, although appellate court may impose sanctions where appeal is frivolous or counsel has unreasonably and vexatiously multiplied proceedings, sanction decisions are not taken lightly).

among the coguarantors that the Redmans would pay more than two-sevenths of the $100,000 secured by their guaranties, and which party or parties are entitled to contribution, Amphibious Partners or [the individual co-guarantors]." (R. at 221.)

At the ensuing bench trial, Plaintiff presented evidence and arguments regarding equitable considerations, including Defendants' unauthorized takeover of the Trolley Boats manufacturing facility. Defendants objected, arguing that Plaintiff should not be entitled to expand the issues to be resolved at trial. The court overruled Defendants' objections, agreeing with Plaintiff that its previous order indicated it would hold Defendants responsible for two-sevenths of the debt "unless [Plaintiff was] able to prove under equitable principles additional sums that may be due." (R. at 265.) The court told Defendants that "[t]he question [in this case] really is what is fair." (R. at 301.) In overruling one of Defendant's evidentiary objections, the court noted that Defendants should not be surprised by the matters being admitted into evidence, which the court and the parties were "all well acquainted with." (R. at 268.)

After taking the matter under advisement, the court issued its findings of fact and conclusions of law. The court found that Defendants improperly excluded Plaintiff from the Trolley Boats manufacturing facility and retained funds earned by the business. The court found that Defendants' actions destroyed Plaintiff's ability to benefit from the Hilltop Bank loan, while Defendants

continued to benefit from the loan by operating the Trolley Boats business and selling boats manufactured at the Trolley Boats facility. The court concluded that, because Defendants received the entire benefit from the loan, they were liable in contribution to Plaintiff for the entire amount of the debt. The court therefore entered judgment against Defendants for the full amount paid by Plaintiff to Hilltop Bank, plus post-judgment interest. Defendants appeal.

## DISCUSSION

On appeal, Defendants first argue that the district court erred by hearing evidence and deciding the case based on equitable considerations when these considerations were outside of the issues framed by the court's order granting the motion for a trial setting. Citing to a case discussing the modification of a pretrial order entered pursuant to Rule 16 of the Federal Rules of Civil Procedure, *Roberts v. Roadway Express, Inc.*, 149 F.3d 1098, 1107 (10th Cir. 1998), Defendants argue that the district court abused its discretion when it "fail[ed] . . . to abide by the terms of the pretrial order with respect to the scope of the issues for trial[] and . . . decid[ed] the case on an issue not framed by the pleadings or the pretrial order." (Appellants' Br. at 8).

We conclude that Defendants' authority is not on point. The district court's order granting a trial setting was not a pretrial order entered after discussion with the parties at a pretrial conference as contemplated by Rule 16. Thus, even if the court's order was intended to state a final formulation of the issues, "there is

-6-

nothing in the pre-trial rulings, even if they be called 'pre-trial orders,' to prevent the trial judge from changing his mind about the applicable law of the case. If this were so, pre-trial orders might very well serve the function for perpetuating error rather than facilitating the trial of the lawsuit on the genuine issues of fact and the law of the case." *Lumbermens Mut. Cas. Co. v. Rhodes*, 403 F.2d 2, 7-8 (10th Cir. 1968) (rejecting argument that court erred by giving immunity instruction at trial after ruling in pre-trial proceedings that defense of immunity was unavailable); *cf. R.L. Clark Drilling Contractors, Inc. v. Schramm, Inc.*, 835 F.2d 1306, 1308 (10th Cir. 1987) ("A pretrial order, then, is the result of a process in which *counsel* define the issues of fact and law to be decided at trial, and it binds counsel to that definition." (emphasis added)). Moreover, even if we were to treat the court's order granting a trial setting as a pretrial order governed by Rule 16, we would find no abuse of discretion under the four-factor test articulated by *Roberts*.

As to Defendants' argument that this issue was not framed in the pleadings, we note that Defendants were the ones who first requested the court to make a decision in equity and that, after the court agreed with Defendants that the law of contribution would apply, Plaintiff's motion for a trial setting discussed the issue of disproportionate benefits. We agree with Plaintiff that Defendants should not be entitled to raise the issue of contribution in order to limit their liability and then prevent the court from considering other equitable factors relevant to the

application of contribution to this case.

Second, Defendants appeal the merits of the district court's judgment, arguing that, contrary to the district court's conclusion, they did not disproportionately benefit from the loan and that they should therefore not be liable in contribution for the full amount of the debt. Defendants also take issue with the legal authorities relied on by the court, arguing that the court should have simply used a straightforward mathematical formula to hold Defendants liable for two-sevenths of the debt.

The application of equitable doctrines "rests in the sound discretion of the district court," and we will not reverse the court's decision in equity absent a showing that the court abused its discretion. *McKinney v. Gannett Co., Inc.*, 817 F.2d 659, 670 (10th Cir. 1987). We thus will not disturb the district court's decision unless we have "a definite and firm conviction that the [district] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994). We will not challenge the district court's evaluation of the salience and credibility of the evidence unless this evaluation "finds no support in the record, deviates from the appropriate legal standard, or follows from a plainly implausible, irrational, or erroneous reading of the record." *United States v. Robinson*, 39 F.3d 1115, 1116 (10th Cir. 1994).

The district court found that Defendants improperly excluded Plaintiff from

the operation of the Trolley Boats business after taking over the manufacturing facility, then retained the funds earned from the sale of boats manufactured there. This finding is supported by the record. For instance, a witness testified that he reviewed Defendants' books and records approximately two years after Defendants took over the manufacturing facility and saw that Defendants had generated substantial liabilities in Trolley Boats' name while placing money earned from the sale of trolley boats into a separate account that was not controlled by Trolley Boats and its managers. The court was also entitled, as Plaintiff requested, to take judicial notice of its memorandum of order and judgment from a previous case involving these parties, *Amphibious Attractions, L.L.C. v. Trolley Boats, L.L.C.*, Nos. 05-CV-29-B & 05-CV-122-B, 2006 WL 1075231 (D. Wyo. April 18, 2006), in which the court made factual findings regarding the takeover and related matters. *See St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting that "[j]udicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it"). Under the abuse of discretion standard, we see no cause to disturb the district court's evaluation of the evidence and conclusion that Defendants' actions caused Plaintiff to receive no benefit from the loan.

We likewise see no abuse of discretion in the district court's application of equitable principles. As the court correctly noted, "[c]ontribution is an equitable doctrine based on principles of fundamental justice." *Vickers Petroleum Co. v.*

-9-

*Biffle*, 239 F.2d 602, 606 (10th Cir. 1956). "Since the right to contribution is inherently equitable in nature, it logically follows that where the co-obligors have received unequal benefits from the common obligation, the portion of the contribution that each must bear is according to the benefit that each has received." 18 Am. Jur. 2d, *Contribution*, § 22 (2007) (footnote omitted). Thus, "if one joint obligor offers proof that he did not receive equal benefits, that obligor is not required to equally contribute." *Bossard v. Sullivan*, 670 P.2d 1389, 1391 (Mont. 1983); *see also Rahall v. Tweel*, 411 S.E.2d 461, 464 (W. Va. 1991) (noting that disproportionate contribution may be allowed where "one or more of the co-obligors have received a disproportionate benefit from the transaction"); *Sofris v. Maple-Whitworth, Inc.* (*In re Maple-Whitworth, Inc.*), 375 B.R. 558, 570 (B.A.P. 9th Cir. 2007) ("[T]he court has authority to make adjustments based on the circumstances in order to assure that contribution does not work an injustice.").[2] We see no error in the court's application of these principles to this case.

For the foregoing reasons, we **AFFIRM** the district court's order and judgment.

---

[2] Although Wyoming law governs in this diversity case, the parties have cited no Wyoming cases addressing this issue, nor have we found any. "Where no state cases exist on a point, we turn to other state court decisions, federal decisions, and the general weight and trend of authority." *Barnard v. Fireman's Fund Ins. Co.*, 996 F.2d 246, 248 (10th Cir. 1993) (internal quotation marks omitted).