**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 9, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RENE SAWANIE MERSWIN,

Plaintiff-Appellant,

v.

THE WILLIAMS COMPANIES, INC.,

Defendant-Appellee.

No. 06-5230
(D.C. No. 05-CV-0436-CVE-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **MURPHY** and **HOLMES**, Circuit Judges.

Rene Merswin, appearing pro se, appeals the district court's dismissal of

his complaint alleging that his former employer, The Williams Companies, Inc.

(TWC), discriminated against him on the basis of race and national origin,

unlawfully retaliated against him, and created a hostile work environment in

violation of 42 U.S.C. §§ 2000e through 2000e-17 and 42 U.S.C. § 1981. The

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court granted summary judgment in favor of TWC, and exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Merswin identifies himself as a "black, African-American male" from the country of Suriname. Aplt. Br. at 4. He was employed by TWC as a systems analyst from June 1999 until July 2004 when TWC outsourced a portion of its information technology (IT) department to IBM. Following Mr. Merswin's termination, he was hired temporarily by IBM until March of 2005.

Mr. Merswin's chief complaint is that he suffered adverse employment action when TWC failed to promote him to a higher grade level. He attempts to bolster his complaint by alleging that he was forced to cross-train on an application known as PVCA Tracker, while a Caucasian employee was permitted to cross-train on his preferred application called Remedy Support. Mr. Merswin contends that cross-training on PVCA Tracker disadvantaged him during the transition to IBM and that when he complained of these purportedly discriminatory acts, TWC retaliated by limiting his promotional opportunities and creating a generally hostile work environment.

Mr. Merswin filed a discrimination claim with the Equal Employment Opportunity Commission (EEOC) and then this action in the district court. The district court, however, in a well-reasoned order, determined that TWC was entitled to summary judgment because Mr. Merswin failed to make a prima facie showing of discrimination on either his failure-to-promote claim or his retaliation

-2-

claim. The court also ruled that Mr. Merswin's evidence of a hostile work environment was insufficient to establish a valid claim, and hence summary judgment was proper on that count as well.

"We review a grant of summary judgment de novo, applying the same legal standards as the district court pursuant to Fed. R. Civ. P. 56 (c)." *Dunbar v. Jackson Hole Mtn. Resort Corp.*, 392 F.3d 1145, 1147 (10th Cir. 2004). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See id.* In determining whether there is a genuine issue as to any material fact, we examine the evidence and "reasonable inferences therefrom in the light most favorable to the nonmoving party." *Id.* at 1148.

On appeal, Mr. Merswin argues that summary judgment was inappropriate because he did, in fact, suffer adverse employment action and was subjected to a hostile work environment. But our review of the district court's order leads us to conclude otherwise. The district court first ruled that his failure-to-promote claim was unavailing because he did not suffer adverse employment action. The court explained that there was no evidence that the position to which Mr. Merswin referred was open, that TWC sought to promote any employee to that position, or that he had even applied for the job. Further, the court discussed his allegations of being forced to cross-train on an application he viewed as unfavorable, but recognized that there was absolutely no evidence that he would have been

retained either by TWC or IBM had he been permitted to work on Remedy Support, especially since he was already trained on that application. The court added that even if TWC's mandatory cross-training were sufficient to establish adverse action, TWC had articulated a legitimate, non-discriminatory reason for its policy: "By cross-training, [TWC] ensured that multiple employees were proficient with respect to each application such that work would not be compromised in case of an employee's absence." Aplt. App., Tab 67 at 14. Consequently, the court ruled that summary judgment was proper on Mr. Merswin's failure-to-promote claim.

Next, the court explained that Mr. Merswin's retaliation claim likewise failed because although he had engaged in protected activity by filing an EEOC complaint, he did not demonstrate that he suffered adverse employment action as a result. The court noted that Mr. Merswin relied on the same evidence to support his retaliation claim and reiterated that TWC's act of assigning him to the PVCA Tracker application and another employee to Remedy did not constitute adverse action sufficient to sustain a claim of retaliation.

Lastly, the court examined Mr. Merswin's evidence of a hostile work environment, including instances in which he was offered a completely full bottle of water, taught "Oklahoma slang," and given McDonald's toys for his children. *Id.* at 4. The court also considered an incident in which his supervisor refused to have fingerprints taken from a box that had been placed under his chair which

contained the personal effects of a deceased co-worker. And the court accounted for an e-mail that had been circulated to Mr. Merswin and his co-workers relating a story about a woman's ill-founded fear of Michael Jordan and Eddie Murphy. The court addressed all this evidence, but concluded that it was insufficient to establish a claim for a racially hostile work environment. The court reasoned that the first anecdotes did not relate to race in any way, while the e-mail, "albeit light-hearted, highlights the problems associated with racial stereotypes." *Id*. at 18. The court acknowledged that the e-mail could have made Mr. Merswin feel uncomfortable, but ruled that his subjective belief was not enough to establish a hostile work environment.

We agree with the district court's thoughtful analysis. It was detailed, accurate, and complete, leaving nothing for us to improve upon. Therefore, having carefully reviewed the parties' briefs, the record on appeal, and the pertinent legal authority, we AFFIRM the district court's judgment for substantially the same reasons articulated in its order dated December 4, 2006.

Entered for the Court


Michael R. Murphy
Circuit Judge