**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 3, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RENE SAWANIE MERSWIN,

      Plaintiff-Appellant,

v.

THE WILLIAMS COMPANIES, INC.,

      Defendant-Appellee.

No. 09-5096
(D.C. No. 4:09-CV-00051-CVE-PJC)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

---

Rene Sawanie Merswin, who at all times has proceeded pro se, appeals

from the district court's order dismissing under Fed. R. Civ. P. 12(b)(6) his

42 U.S.C. § 1981 claims as barred by the doctrine of res judicata and his

42 U.S.C. § 1985(2) claim for failure to state a claim upon which relief may be

granted. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. BACKGROUND

Mr. Merswin's employment with The Williams Companies, Inc. (TWC) ended in 2004 when his job was outsourced. In 2005, he filed a lawsuit against TWC in the United States District Court for the Northern District of Oklahoma alleging race and national origin discrimination, a hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e through 2000e-17, and § 1981. The district court granted TWC's motion for summary judgment on all claims. We affirmed. *Merswin v. Williams Cos., Inc.*, 244 F. App'x 897 (10th Cir. 2007) (unpublished). And the Supreme Court denied a writ of certiorari. *Merswin v. Williams Cos., Inc.*, 128 S. Ct. 1884 (2008).

On July 1, 2008, Mr. Merswin filed suit against TWC in the United States District Court for the Northern District of Georgia, alleging retaliation and constructive discharge under § 1981 and conspiracy to obstruct justice with the intent to injure him under § 1985(2). These claims arose out of his employment termination and the prior legal proceedings. TWC made a special appearance and moved to transfer the lawsuit to the Northern District of Oklahoma. The Georgia court granted the motion. Thereafter, in the Northern District of Oklahoma, TWC moved to dismiss, asserting that the § 1981 claims were barred by the doctrine of res judicata and that the § 1985(2) claim did not set forth sufficient facts from which it could be inferred that TWC conspired to obstruct justice or interfere with Mr. Merswin's first lawsuit. The district court granted the motion to dismiss.

The court found that the § 1981 claims were barred by res judicata because (1) Mr. Merswin's current retaliation claim is identical to the retaliation claim he raised in the first lawsuit; (2) his constructive discharge claim arose from the same transaction and time period and is based on the same facts asserted in his first lawsuit, and therefore could have been raised in that suit; (3) he cannot seek a remedy under § 1981 for alleged incidents occurring during his deposition; and (4) he had a full and fair opportunity to litigate his claims in his first lawsuit, because he either could have raised his allegations of poisoning at his deposition by TWC's counsel during his first lawsuit, challenged the admissibility of his deposition testimony in his response to TWC's motion for summary judgment, or filed a post-judgment motion in the first lawsuit. The court dismissed the § 1985(2) claim for failure to state a claim that is plausible on its face, because Mr. Merswin's allegations of a conspiracy by TWC's counsel during his deposition were conclusory and unsupported by specific factual averments.

On appeal, Mr. Merswin argues that (1) res judicata does not bar his § 1981 claims; (2) the district court erred by considering matters outside the complaint, without converting the Rule 12(b)(6) motion to dismiss to a Fed. R. Civ. P. 56 motion for summary judgment so that he could present additional materials; (3) the district court judge should have recused; and (4) his § 1985(2) claim for conspiracy to interfere with his civil rights does state a claim that is plausible on its face.

## II.  ANALYSIS

We review the district court's Rule 12(b)(6) dismissal de novo.  *Kane County Utah v. Salazar*, 562 F.3d 1077, 1085 (10th Cir. 2009).  In doing so, we consider whether the complaint "contain[ed] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (applying *Bell Atlantic Corp.* to pro se action).  To be facially plausible, the complaint must state enough facts to suggest "that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  Additionally, we liberally construe Mr. Merswin's pro se pleadings.  *Erickson*, 551 U.S. at 94; *see Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (noting that despite liberal construction, "[w]e have on several occasions dismissed pro se complaints for failure to allege sufficient facts"), *cert. denied*, ___ S. Ct. ___, 2010 WL 154973 (U.S. Jan. 19, 2010).

We first address Mr. Merswin's argument that the district court improperly considered matters outside his complaint without converting TWC's motion to dismiss to a motion for summary judgment.  Generally, when a district court considers matters outside the complaint, the court should treat a motion to dismiss as a motion for summary judgment.  *See, e.g., Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).  Mr. Merswin, however, challenges the court's

-4-

consideration of the court's own records from his first lawsuit. It is settled that the district court can take judicial notice of its own decision and records in a prior case involving the same parties. *See Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361-62 (10th Cir. 2008); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979); *see also Q Int'l Courier, Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006) ("When entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact."). Thus, the district court did not err in failing to convert the motion to dismiss into a motion for summary judgment. *See Tal v. Hogan*, 453 F.3d 1244, 1264-65 n.24 (10th Cir. 2006).

Next, we address Mr. Merswin's assertion that the district court judge was biased because she entered judgment against him in the first lawsuit. An accusation of bias based on prior rulings almost never demonstrates partiality requiring a judge's recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994). And this case is no exception.

Finally, we address Mr. Merswin's assertions that the district court erred in dismissing his § 1981 and § 1985(2) claims. Upon careful consideration of the record on appeal, the parties' appellate briefs, and the relevant case law in light of the standards of review set forth above, we conclude that the district court correctly dismissed these claims. Accordingly, we affirm for substantially the

same reasons stated by the district court in the order dated June 10, 2009.

R., Vol. 1 at 202-12.

## III.  CONCLUSION

The judgment of the district court is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge